## UNITED STATES *v.* STRANG ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF FLORIDA.

No. 206.   Argued December 9, 1920.—Decided January 3, 1921.

1. A person employed as an inspector by the Emergency Fleet Corporation is not an agent of the United States, within the meaning of § 41 of the Criminal Code.   P. 491.
2. The Emergency Fleet Corporation, though all of its stock is owned by the United States, is a separate entity.   P. 492.
3. Generally agents of a corporation are not agents for the stockholders and cannot contract for them.   *Id.*

Affirmed.

THE case is stated in the opinion.

*The Solicitor General*, with whom *Mr. A. F. Myers*, Special Assistant to the Attorney General, was on the brief, for the United States.

*Mr. John W. Dodge* for defendants in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

The ultimate question for determination is whether the employment of defendant Strang as an inspector by the United States Shipping Board Emergency Fleet Corporation, without more, made him an agent of the Government within the meaning of § 41, Criminal Code.

"Sec. 41. No officer or agent of any corporation, joint stock company, or association, and no member or agent of any firm, or person directly or indirectly interested in the pecuniary profits or contracts of such corporation, joint stock company, association, or firm, shall be employed or shall act as an officer or agent of the United States for the transaction of business with such corporation, joint stock company, association, or firm. Whoever shall violate the provision of this section shall be fined not more than two thousand dollars and imprisoned not more than two years."

Holding that this employment did not suffice to create the relation alleged, the trial court sustained a demurrer to the indictment. It contains four counts, three of which charge that Strang unlawfully acted as agent of the United States in transacting business with the Duval Ship Outfitting Company, a co-partnership of which he was a member, in that while an employee of the Fleet Corporation as an inspector he signed and executed (February, 1919) three separate orders to the Outfitting Company for repairs and alterations on the steamship Lone Star. The other defendants are charged with aiding and abetting him. The trial court and counsel here have treated the fourth count as charging all the defendants with conspiracy to commit the offenses set forth in the three preceding counts. *United States* v. *Colgate & Co.*, 250 U. S. 300.

Counsel for the Government maintain that the Fleet

Corporation is an agency or instrumentality of the United States formed only as an arm for executing purely governmental powers and duties vested by Congress in the President and by him delegated to it; that the acts of the Corporation within its delegated authority are the acts of the United States; that therefore in placing orders with the Duval Company in behalf of the Fleet Corporation while performing the duties as inspector Strang necessarily acted as agent of the United States.

The demurrer was properly sustained.

As authorized by the Act of September 7, 1916, c. 451, 39 Stat. 728, the United States Shipping Board caused the Fleet Corporation to be organized (April 16, 1917) under laws of the District of Columbia with $50,000,000 capital stock, all owned by the United States, and it became an operating agency of that Board. Later, the President directed that the Corporation should have and exercise a specified portion of the power and authority in respect of ships granted to him by the Act of June 15, 1917, c. 29, and he likewise authorized the Shipping Board to exercise through it another portion of such power and authority. See *The Lake Monroe,* 250 U. S. 246, 252. The Corporation was controlled and managed by its own officers and appointed its own servants and agents who became directly responsible to it. Notwithstanding all its stock was owned by the United States it must be regarded as a separate entity. Its inspectors were not appointed by the President, nor by any officer designated by Congress; they were subject to removal by the Corporation only and could contract only for it. In such circumstances we think they were not agents of the United States within the true intendment of § 41.

Generally agents of a corporation are not agents of the stockholders and cannot contract for the latter. Apparently this was one reason why Congress authorized organization of the Fleet Corporation. *Bank of the United*

*States* v. *Planters' Bank of Georgia,* 9 Wheat. 904, 907, 908; *Bank of Kentucky* v. *Wister,* 2 Pet. 318; *Briscoe* v. *Bank of Kentucky,* 11 Pet. 257; *Salas* v. *United States,* 234 Fed. Rep. 842. The view of Congress is further indicated by the provision in § 7, Appropriation Act of October 6, 1917, c. 79, 40 Stat. 345, 384,—*"Provided,* That the United States Shipping Board Emergency Fleet Corporation shall be considered a Government establishment for the purposes of this section." Also, by the Act of October 23, 1918, c. 194, 40 Stat. 1015, which amends § 35, Criminal Code, and renders it criminal to defraud or conspire to defraud a corporation in which the United States owns stock.

*Affirmed.*

MR. JUSTICE CLARKE dissents.