### UNITED STATES v. WALTER et al. *

(District Court, S. D. Florida.   February 2, 1921.)

No. 1101.

**1. Conspiracy ⬳43(10)—Indictment held to charge offense under statute.**

Counts in an indictment charging that defendants were, respectively, captain and chief engineer of a vessel of the Emergency Fleet Corporation, and charged with the duty of inspection of repairs being made on the vessel, and that they conspired to make and present and obtain payment of a fraudulent claim against the corporation, *held* to charge an offense under Cr. Code, § 35, as amended by Act Oct. 23, 1918 (Comp St. Ann. Supp. 1919, § 10199), where it was alleged that defendants, while such officers, contracted to perform services for those making the repairs and were carried on the pay roll, to be paid by the corporation, under fictitious names.

**2. Criminal law ⬳4—Congress without power to make defrauding of a corporation crime against the United States.**

Congress is without power to make it a crime against the United States to defraud a corporation, nor is it given such power because the United States is a stockholder in such corporation.

**3. United States ⬳121—Statute making conspiracy to defraud corporation crime against United States held unconstitutional.**

Act Oct. 23, 1918, amending Cr. Code, § 35 (Comp. St. Ann. Supp. 1919, § 10199), in so far as it makes it an offense to make or present or obtain payment of a fraudulent claim against "any corporation in which the United States * * * is a stockholder," *held* unconstitutional and invalid.

Criminal prosecution by the United States against Leroy W. Walter, James Strang, and others.   On demurrer to indictment.   Demurrer sustained.

H. S. Phillips, of Tampa, Fla., U. S. Atty.

John W. Dodge, of Jacksonville, Fla., for defendants.

CALL, District Judge.   The indictment in this case contains three counts.   The first count charges that the defendants combined, conspired, confederated, and agreed together to commit an offense against the United States, by making and presenting for approval and payment a fraudulent claim against the United States Shipping Board Emergency Fleet Corporation, the entire stock of which was owned by the United States.

It proceeds then to state the fraudulent nature of the claim.   This statement may be epitomized as follows:   The captain and chief engineer of the Caribou, a boat owned and operated by the Fleet Corporation, and whose duties required them to act as assistant inspectors of repairs being made upon said vessel, and while the captain and chief engineer were receiving salaries as captain and chief engineer from the Fleet Corporation, were employed by the other defendants to perform duties for them in making such repairs, and were carried upon the pay roll to be paid by the Fleet Corporation under assumed or fictitious names, thereby causing them to neglect their duties as assist-

ant inspectors of such repairs and thereby deceiving the corporation.

The second count charges a conspiracy to obtain payment and approval of fraudulent claims against the corporation, known to them to be fraudulent; the nature and fraudulent character of the claims being the same as set forth in the first count.

The third count charges a conspiracy to defraud the United States; the allegations of fraud, etc., being the same as set out in the other counts.

A demurrer was interposed to each of those counts. The case of United States v. Strang, 254 U. S. 491, 41 Sup. Ct. 165, 65 L. Ed. 368, decided by the Supreme Court on January 3, 1921, seems to me to settle the question, in so far as the third count is concerned, favorable to the defendants, and such demurrer must be sustained to the third count.

[1] It is contended by defendants that the facts stated in the first and second counts do not state a case of fraudulent claim against the corporation. This contention I do not think well taken. The charges in the two counts, as I read them, are that the defendants conspired together to present to and procure the payment from the corporation of the claim for work done for the other defendants in making repairs upon the vessel of which the claimants were respectively captain and chief engineer, by using fictitious names on the pay rolls, thereby preventing them from performing their duties as assistant inspectors of such repairs, and while under pay by the Fleet Corporation as such captain and chief engineer. No man can be faithful to two masters with such divergent interests as those of a contractor making repairs on a vessel and the owner of the vessel. "No man can serve two masters. For either he will hate the one and love the other; or he will sustain the one, and despise the other." To say that the secret employment of an employee of the owner to make repairs on the vessel, which repairs are to be paid for by the owner, while the owner has a right to expect such employee to inspect and pass upon such repairs, is a fraud upon such owners, states a correct proposition, which I do not think admits of contradiction.

Therefore, I do not think the demurrers to these counts are well taken upon this ground.

[2] It is further urged in support of the demurrer that a conspiracy to defraud the Fleet Corporation is not a crime against the United States; that Congress transcended its powers in passing the Act of October 23, 1918 (chapter 194, 40 Stats. 1015 [section 10199, Comp. St. Ann. Supp. 1919]).

The portion of that act bearing upon the question here raised is as follows:

"Whoever shall make or cause to be made or present or cause to be presented, for payment or approval, to * * * any corporation in which the United States of America is a stockholder, any claim upon or against * * * any corporation in which the United States * * * is a stockholder, knowing such claim to be false, ficticious, or fraudulent," etc.

And—

"Whoever shall enter into any agreement, combination, or conspiracy to defraud * * * any corporation in which the United States of America is

a stockholder, by obtaining * * * the payment or allowance of any false or fraudulent claim."

The question may be stated thus:

"Has Congress the power, under the powers delegated to the general government by the Constitution, to pass a law making it a crime against the United States to present or obtain payment of a claim against every corporation?"

If this question be answered in the negative, the question then arises:

"Does the fact that the United States as a stockholder in a corporation vest in Congress the power to make such presentation or payment of such a claim a crime against the United States?"

The government of the United States is a government of delegated powers and is supreme within those powers. It is this principle that sustains the legislation concerning national banks and the laws punishing criminally acts forbidden by those laws. But I do not understand that the Congress has the power to declare the perpetration of a fraud against every corporation, a crime against the United States. The statute in question is not aimed at defrauding corporations organized by Congress pursuant to the powers delegated to the general government, but says any corporation in which the United States is a stockholder—whether organized by one of the states or of a foreign power. I am therefore constrained to answer the first question in the negative.

[3] I now come to the second question:

"Does the fact that the United States is a stockholder vest this power in the Congress?"

In Bank of the United States v. Planters' Bank of Georgia, 9 Wheat. at star page 908, 6 L. Ed. 244, Chief Justice Marshall says:

"As a member of a corporation, a government never exercises its sovereignty. It acts merely as a corporation and exercises no other power in the management of the affairs of the corporation, than are expressly given by the incorporating act."

If this principle is sound, then the mere fact that the United States is a stockholder in a corporation would not vest in Congress the power to make a fraud upon such corporation a crime against the United States, and yet this is exactly what the statute attempts to do.

I realize that the Fleet Corporation was organized under the laws of the District of Columbia, under authority of the act of Congress, and may for that reason occupy a different status from an ordinary corporation organized under the statutes of one of the states, and I have been troubled by the consideration of the question whether, the statute being general as to any corporation generally, trading or otherwise, I would have the power to consider the nature of the corporation alleged to have been defrauded in reaching a conclusion as to the validity of the statute; but this being a criminal statute is to be strictly construed in protection of the liberty of the citizen, and I am therefore constrained to hold the demurrers to the first and second counts must be sustained. It will be so ordered.