**COALE et al. v. SOCIÉTÉ CO-OPERATIVE SUISSE DES CHARBONS, BASLE, et al.**

District Court, S. D. New York. May 20, 1921.

1. **International law ⬤⟳10—Corporation organized by foreign government, which retained right to appoint part of directors and to approve charter, amendments, and rules, and to receive excess profits, held liable for breach of contract.**

A corporation organized by a foreign government, which retained the right to appoint 7 of the 17 directors and to approve the charter and amendments and rules made by the directors before they should have validity, and to receive any net earnings remaining after paying 6 per cent. interest on the capital to subscribers, held liable for breach of contract.

2. **International law ⬤⟳10—In suit for breach of contract made by corporation and foreign government, foreign government held proper defendant.**

Where a foreign government and a corporation both executed a contract, the foreign government was properly joined with the corporation in an action for the breach of the contract.

3. **Courts ⬤⟳343—Action for breach of contract against corporation and foreign government might proceed against corporation alone, where foreign government did not appear (Judicial Code, § 50 [Comp. St. § 1032]).**

In an action for breach of contract, brought against a foreign government and a corporation, where the foreign government did not appear, the action might proceed against the corporation alone, under Judicial Code, § 50 (Comp. St. § 1032).

4. **International law ⬤⟳10—Property of corporation organized by foreign government held not exempt from execution as property of foreign government.**

The property of a corporation organized by a foreign government, which retained the right to appoint 7 of the 17 directors, to approve the charter and amendments and rules made by the directors before they should be valid, and to receive any net earnings remaining after the payment of 6 per cent. interest on the capital to subscribers, held not exempt from execution as being the property of a foreign government.

At Law. Action for breach of contract brought by William F. Coale and another against the Société Co-operative Suisse des Charbons, Basle, and another. On demurrer to the answer. Demurrer sustained.

James F. Curtis, of New York City, for plaintiffs.

Henry Escher, of New York City, for defendants.

AUGUSTUS N. HAND, District Judge. [1] This is an action for failure to take and pay for coal sold to the defendants under a written contract. The Swiss government did not appear, but service of the summons and complaint was made upon the defendant Société Co-operative Suisse des Charbons, a foreign corporation chartered by the government of Switzerland. On July 17, 1917, the Federal Council of Switzerland delegated to the Department of Commerce the power to control the importation and distribution of coal. This department caused the Société to be organized on March 17, 1919, to purchase coal in foreign countries and import it into

Switzerland. Persons of Swiss nationality, who had imported coal in considerable quantities, were eligible for membership. The capital was fixed at 10,000,000 francs, interest was to be paid to the subscribers at 6 per cent., and the further net earnings, if any, were to pass to the government, in order to reduce the price of coal for home consumption. Seven out of 17 directors were to be appointed by the government. The charter and amendments and the rules made by the directors were to have no validity until approved by the government. The contract with the plaintiff was signed by the Swiss minister on behalf of the Société and the Swiss Federation. The foregoing facts are set up in defendant's answer, to which plaintiff demurs.

If the Swiss government chose to do its business by means of the Société, the latter, as a corporate entity, was liable for its corporate obligations. I find no case which holds otherwise. If the Société had contracted as agent for the Swiss government, the case might have been different; but in this instance the Swiss minister signed the contract for the corporation. The interest of the government in any balance after those contributing the capital received 6 per cent. interest is like the case of a bank where the government owns all the stock. The decisions hold that the corporation is liable under such circumstances.

Various cases might be cited, but the opinion of Judge Mayer in Commercial Pacific Cable Co. v. Phillipine National Bank (D. C.) 263 F. 218, which has been affirmed in the Circuit Court of Appeals (269 F. 1022), is entirely conclusive. In that case the president and vice president of the Phillipine Bank were by statute required to be appointed by the Governor General of the Senate, and the insular auditor was by law auditor of the bank. By the same governmental authority various officers could be removed. The Supreme Court in United States v. Strang, 254 U. S. 491, 41 S. Ct. 165, 65 L. Ed. 368, reached a similar conclusion in dealing with the United States Shipping Board Emergency Fleet Corporation. [2-4] The joinder of the Swiss government will not defeat the cause of action. That is a proper, if not necessary, party; but, as it has not appeared, the action may proceed against the party served (Judicial Code, § 50 [Comp. St. § 1032]), and relief may be given without affecting it. Any profits which might become due to the government after payment of 6 per cent. to those furnishing capital would resemble dividends; property of the corporation taken on execution would not be property of the Swiss Federation.

The demurrer is sustained.