because it appears, *first*, that the question as to the time of the execution of the agreement, Exhibit 2, was not open to controversy for the reason that it is alleged in the 1st paragraph of the complaint, and not denied, that the conveyance was received in consideration of the execution of that agreement May 3, 1919; and upon the further ground that the judgment declaring the defendant was the grantee in fee simple of the premises, and that plaintiff did not reserve to himself any reversionary interest, is without any findings to sustain that conclusion. Blackmar, P. J., Rich, Kelly, Jaycox and Manning, JJ., concur.

Enoch Wilber McBride, Appellant, v. County of Orange and Another, Respondents.— *Judgment unanimously affirmed, with costs. No opinion.* Present — Blackmar, P. J., Mills, Rich, Kelly and Manning, JJ.

Lottie Virginia Muller, Respondent, v. Nathaniel Doyle, Appellant, and Another, Defendant. (Action No. 2.)— Judgment and order reversed and new trial granted, with costs to abide the event. The finding of fact implied in the verdict of the jury that the appellant was negligent is reversed as contrary to the evidence. Blackmar, P. J., Rich, Kelly and Jaycox, JJ., concur; Putnam, J., votes for affirmance.

Frederick Muller, Respondent, v. Nathaniel Doyle, Appellant, and Another, Defendant. (Action No. 4.) — Judgment and order reversed, and new trial granted, with costs to abide the event. The finding of fact implied in the verdict of the jury that the appellant was negligent is reversed as contrary to the evidence. Blackmar, P. J., Rich, Kelly and Jaycox, JJ., concur; Putnam, J., votes for affirmance.

Veronica Myers, Respondent, v. City of Beacon, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Putnam, Kelly and Jaycox, JJ.

William Harris Noe, Appellant, v. United States Shipping Board Emergency Fleet Corporation and Another, Respondents.— Judgment of dismissal reversed and new trial granted, under authority of *United States* v. *Strang* (254 U. S. 491). As that decision was not known until after the trial, this reversal is without costs. Blackmar, P. J., Mills, Rich, Putnam and Kelly, JJ., concur.

The People of the State of New York, Respondent, v. Charles Grossman, Appellant.— Judgment of conviction of the Court of Special Sessions reversed and new trial ordered, on the ground that the falsity of the statement was not established beyond a reasonable doubt. Rich, Putnam and Kelly, JJ., concur; Blackmar, P. J., votes to reverse upon the ground that the affidavit (Exhibit 1) not purporting to be a representation of defendant's financial condition, or means or ability to pay, did not fall within the scope of section 1293b of the Penal Law, with whom Rich, J., concurs; Jaycox, J., votes to affirm.

The People of the State of New York, Respondent, v. John Shea, Appellant.— Judgment of conviction of the Court of Special Sessions affirmed. No opinion. Blackmar, P. J., Kelly and Jaycox, JJ., concur; Putnam, J., votes for reversal on the ground that the evidence fails to prove beyond a reasonable doubt the commission of any crime, as proof of intoxication