## PANAMA R. CO. v. MINNIX.

(Circuit Court of Appeals, Fifth Circuit. June 6, 1922.)

No. 3751.

1. Master and servant ⬅87—Injured employee of Panama Railroad Company may sue under Employers' Liability Act.

The provision of Employers' Liability Act, § 2 (Comp. St. § 8658), giving a right of action to an employee of the Panama Railroad Company for negligent injury, was not repealed by federal Employers' Compensation Act (Comp. St. §§ 8932a–8932uu), section 41 (Comp. St. § 8932u) of which recognizes such right and gives an alternative remedy on condition of its release or assignment.

2. United States ⬅125—Panama Railroad Company subject to suit.

The liability of the Panama Railroad Company to suit, as any other railroad company, and its property to seizure, is not affected by the fact that the United States is the sole stockholder.

3. Master and Servant ⬅185(27)—Duty of master cannot be delegated.

The duty of making reasonably safe the place where an employee works and the duty of warning him of unsafe conditions, are duties of the master, who cannot avoid responsibility for their nonperformance by delegating them to a fellow servant.

In Error to the District Court of the United States for the Canal Zone; John W. Hanan, Judge.

Action at law by Warren E. Minnix against the Panama Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Walter F. Van Dame, of Ancon, C. Z., for plaintiff in error.

Wm. C. MacIntyre and W. C. Todd, both of Ancon, C. Z., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The defendant in error, Minnix, was employed by the Panama Railroad Company (hereinafter styled railroad) as a stevedore foreman to superintend a gang engaged in coaling vessels. He had been employed only a day or two, and was still under the general direction of an experienced foreman. He was working underneath a conveyor, which carried coal to a shute. The railroad had other conveyors, which were guarded by upright planks within which they ran, and which prevent lumps of coal from falling from such conveyors. This conveyor was not so guarded. Minnix claimed he was not warned of the danger of coal falling from the unguarded conveyor; that while working beneath it a lump of coal fell over 30 feet on his foot, breaking several bones' and injuring him seriously. He brought suit, which he claimed to be under the federal Employers' Liability Act (Comp. St. §§ 8657–8665), against the railroad, which is a corporation chartered under the laws of New York, in the District Court of the Canal Zone, and recovered a verdict of $3,360. The entire capital stock of the railroad is owned by the United States. The corporate existence and organization of the railroad is still maintained.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The principal defense urged is that the sole right which an employee of the Panama Railroad Company has is to recover compensation under the federal Compensation Act of September 7, 1916 (39 Stat. 742 [Comp. St. §§ 8932a–8932uu]), and that he cannot maintain an action at law for the recovery of damages for negligence on the part of said railroad company.

Prior to the passage of said Compensation Act, under authority of the Panama Canal Act (37 Stat. 560), the President of the United States had by executive order provided for the payment of compensation for personal injuries sustained by employees while engaged in actual work connected with the construction, maintenance, operation, or sanitation of the Panama Canal or Panama Railroad. Sections 24 and 25 of said executive order recognized that a legal liability might also arise against the United States or the Panama Railroad Company, and required a release or assignment of such claim by any one receiving compensation under said executive order as a condition to receiving the same. Under the laws of force in the Canal Zone and Employers' Liability Act, § 2 (35 Stat. 65 [Comp. St. § 8658]), the Panama Railroad Company was made liable to any person, including employees, for injuries received through negligence of any of its officers, agents, or employees.

On September 7, 1916, there was approved an act of Congress entitled "An act to provide compensation for employees of the United States suffering injuries while in the performance of their duties, and for other purposes," which superseded former acts on this subject. 39 Stat. 742, U. S. Comp. St., § 8932 et seq. Section 40 of said act declared that the term "employees" included all civil employees of the United States and of the Panama Railroad Company. Section 26 of said Compensation Act provided:

"If any injury or death for which compensation is payable under this act is caused under circumstances creating a legal liability upon some person other than the United States to pay damages therefor, the commission may require the beneficiary to assign to the United States any right of action he may have to enforce such liability of such other person or any right which he may have to share in any money or other property received in satisfaction of such liability of such other person, or the commission may require said beneficiary to prosecute said action in his own name.

"If the beneficiary shall refuse to make such assignment or to prosecute said action in his own name when required by the commission, he shall not be entitled to any compensation under this act."

39 Stat. 742, § 26 (U. S. Comp. St. § 8932mm).

Section 41 of said act also provides:

"All acts or parts of acts inconsistent with this act are hereby repealed: Provided, however, that for injuries occurring prior to the passage of this act compensation shall be paid under the law in force at the time of the passage of this act; and provided further, that if an injury or death for which compensation is payable under this act is caused under circumstances creating a legal liability in the Panama Railroad Company to pay damages therefor under the laws of any state, territory, or possession of the United States or of the District of Columbia or of any foreign country, no compensation shall be payable until the person entitled to compensation releases to the Panama Railroad Company any right of action which he may have to enforce such liability of the Panama Railroad Company, or until he assigns to the United States any

right which he may have to share in any money or other property received in satisfaction of such liability of the Panama Railroad Company." 39 Stat 742, 750 (U. S. Comp. St. § 8932u).

Section 42 of the Compensation Act of September 7, 1916 (Comp. St. § 8932uu), authorizes the President "from time to time [to] transfer the administration of said act as far as employees of the Panama Canal and the Panama Railroad Company are concerned to the Governor of the Panama Canal," and under date of September 16, 1916, by executive order, the provisions of said Compensation Act were extended to the Canal Zone, and the administration thereof transferred to the Governor of the Panama Canal. Minnix has made no application for any compensation under any of the foregoing provisions.

The federal Employers' Liability Act provides:

"Every common carrier by railroad in the territories, the District of Columbia, the Panama Canal Zone, or other possessions of the United States, shall be liable * * * to any person suffering injury while he is employed by such carrier in any of said jurisdictions, or, in case of the death of such employee, to his or her personal representative," etc. "for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of said carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances," etc. 35 Stat. 65, § 2 (U. S. Comp. St. § 8658).

The federal Employees' Compensation Act provides:

"The United States shall pay compensation as hereinafter specified for the disability or death of any employee resulting from a personal injury [or death] sustained while in the performance of his duty, with exception of disability or death occasioned by willful misconduct or by the intention to bring about the disability or death of himself or another or if his own intoxication is the proximate cause of the injury or death." 39 Stat. 742, § 1 (Comp. St. § 8932a).

It is evident that the first act declares a right of action against the Panama Railroad Company for negligence; the second act provides a scheme of compensation for injured employees without regard to the negligence of the person inflicting the injury. We do not think that the passage of the Compensation Act of September 7, 1916, had the effect of repealing the Employers' Liability Act as to employees of the Panama Railroad Company.

While the United States is the sole stockholder of that corporation, the corporate entity of that company is maintained, and the railroad is operated by the corporation. The employees are recognized by the act itself as being those of that corporation. It took an express provision of the Compensation Act to extend its benefits to them.

[2] The liability of the Panama Railroad Company to suit, as any other railroad company, and its property to seizure, is not affected by the fact that the United States is the sole stockholder. United States v. Strang, 254 U. S. 491, 493, 41 Sup. Ct. 165, 65 L. Ed. 368. The executive order of the President providing for compensation for injuries to employees of the Panama Railroad Company, by section 25, recognized that an injury suffered by an employee could create a legal liability on the railroad, and provides that the compensation provided by the executive order should not be payable until such right of action was assigned to said railroad by the party having the same. This

clearly recognized the existence of a legal liability of the railroad for the injury, and an alternative right to assign it and claim compensation. The order did not declare such claim against the railroad as abolished.

But the act of September 7, 1916, now provides the scheme of compensation to employees of the United States and of the Panama Railroad Company. There is no reference in said Compensation Act to the Employers' Liability Act, which is by section 2 made expressly applicable to all carriers by railroad in the Canal Zone, thus expressly including in its terms the Panama Railroad Company, or to the cause of action based on negligence provided for therein.

A similar question was presented to the Supreme Court of the United States in the case of Dahn v. Davis, Agent, etc., 258 U. S. ——, 42 Sup. Ct. 320, 66 L. Ed. ——, decided on April 10, 1922. There Dahn, a postal clerk, had claimed and collected compensation for an injury received on a railroad operated under federal control. He thereafter sued the Director General of Railroads, alleging his injury through negligent operation of the railroad while under government control. The suit was dismissed, upon the sole ground that his receipt of compensation barred his right of action for negligence. The Supreme Court, after stating the rights given by the Federal Control Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p) and by the Compensation Act, respectively said:

"This reference to the two acts shows that the petitioner had two remedies, each for the same wrong, and both against the United States, and therefore the question for decision takes the form, may the petitioner after having pursued one of his remedies to a conclusion and payment, pursue the other for a second satisfaction of the same wrong against the government?"

This question is answered in the negative. Reference is made to the provision of the act relating to the Panama Railroad Company, and the court continues:

"But section 41 is even more convincing to the point we are considering. A special proviso in this section declares that, if the injury or death for which compensation is payable under the act is caused under circumstances creating a legal liability in the Panama Railroad Company to pay damage therefor, 'no compensation shall be payable until the person' shall, release to the railroad company any right of action he may have against it, or until he assigns to the United States any rights which he may have to share in any money or other property received in satisfaction of such liability. When the Compensation Act was passed, the United States was the owner of all the capital stock of the Panama Railroad Company, and as such was ultimately liable for the torts of that company, just as it became liable for the torts of the Director General of Railroads under the Federal Control Act, and therefore this manner of dealing with the liability of that company to employees negligently injured is highly persuasive as to the congressional intent."

Here the Panama Railroad Company is a corporation, which is a legal entity, subject to suit by any one having a cause of action against it, including its employees. That the United States was its sole stockholder did not render it exempt from suit. United States v. Strang, supra. As in the Dahn Case, Minnix had two remedies—one to sue the railroad for the tort; the other to apply for compensation under the Compensation Act. In the first case, his action is based on the ex-

istence of, and ability to prove, actionable negligence. In the second, his claim is based on injury sustained while in the line of duty, regardless of the negligence of others.

The Dahn Case came by certiorari from the United States Circuit Court of Appeals for the Eighth Circuit, which had reversed the District Court in holding that the plaintiff could maintain his action despite his claim and receipt of compensation under the federal Compensation Act. The decision of that court was equally positive that, had he not claimed compensation under said act, he could have maintained his action. On this point it is as follows:

"It is optional with the employee as to whether he will make a claim under the act or not. If he does not, in our opinion he would have a right to maintain the present action and prosecute the same to judgment, as we think that the United States as to this particular case by the Federal Control Act consented to be sued. But if the employee elects to receive the benefits of the Compensation Act and his claim is allowed, then he is barred from prosecuting his action for negligence against the United States. In other words, he must elect which of the two remedies he desires to pursue, and, having elected to pursue one, he may not pursue the other." Hines, Director General, v. Dahn, 267 Fed. 105, 114.

Here Minnix has refused to avail himself of the second right, and has elected to stand on his right of action against the railroad. This he had the right to do, and the trial court was correct in so holding. We think that the averments of the petition and the proof in the case were sufficient to make the case one under section 2 of the Employers' Liability Act.

[3] It is further insisted that the injury to Minnix was caused by the failure of a fellow servant to warn him of the danger incident to the unguarded conveyor. If Minnix was entitled to any warning, that was a duty incumbent on the master, and the failure of any servant to give such warning would be a failure of the master to discharge a duty incumbent on him, which could not be delegated, so as to avoid responsibility for its nonperformance. Louisville & Nashville R. R. Co. v. Miller, 104 Fed. 124, 127, 43 C. C. A. 436.

So, also, the failure to provide guards to the conveyor was, if negligence, the failure of the master to provide suitable machinery and appliances. 26 Cyc. 1097, 1104. There was no evidence of any negligence of a fellow servant, and the refusal of the court to charge on this subject was not error.

We find no substantial error in any of the other assignments, and the judgment of the District Court is affirmed.