UNITED STATES OF AMERICA, Appellant, *v.* PETER DeNULLY BROWN, SR., Trading under the Name and Style of PETER BROWN JUN. & COMPANY, Respondent.

First Department, June 3, 1927.

Limitation of actions — action by United States to recover advance made on charter party executed by United States Shipping Board Emergency Fleet Corporation — six-year Statute of Limitations is pleadable.

The defendant had the right to plead the six-year Statute of Limitations in this action by the United States to recover an advance made by the United States Shipping Board Emergency Fleet Corporation, under a charter party executed pursuant to an agreement between the Federal government and the Danish Special Shipping Committee for the charter of Danish shipping. The United States is not suing in its sovereign capacity, and, furthermore, the contract under which this action was brought was not made by the United States but by the United States Shipping Board Emergency Fleet Corporation, which possesses no greater rights or immunities than any other corporation.

APPEAL by the plaintiff, United States of America, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York

on the 7th day of January, 1927, granting defendant's motion to vacate plaintiff's warrant of attachment and to set aside the levy made thereunder.

*Edgar G. Wandless* of counsel [*J. C. Hawkins* with him on the brief, Special Assistants to the United States Attorney; *Emory R. Buckner,* United States Attorney], for the appellant.

*Edwin S. Murphy* of counsel [*John M. Woolsey* with him on the brief; *Kirlin, Woolsey, Campbell, Hickok & Keating,* attorneys, appearing specially], for the respondent.

MARTIN, J.  The question here presented for review is whether the claim of the plaintiff is barred by the Statute of Limitations of the State of New York.

Before the Armistice and on or about September 18, 1918, the United States of America, by and through its administrative agency, the War Trade Board, entered into an agreement with the Danish Special Shipping Committee for the charter of 265,000 deadweight tons of Danish shipping to the United States Shipping Board. Pursuant to this agreement, the defendant Peter DeNully Brown, Sr., trading under the name and style of Peter Brown Jun. & Company, with the approval of the Danish Special Shipping Committee, chartered the steamship *Nordlys* to the United States Shipping Board Emergency Fleet Corporation.

In the course of the performance of said charter party, the United States Shipping Board Emergency Fleet Corporation, proceeding according to the terms of the charter party, advanced the sum of $3,692.97 to the master of the steamship *Nordlys.* The defendant has failed to reimburse the United States Shipping Board Emergency Fleet Corporation for this sum so advanced as required under the charter party.  To recover the same this action was instituted.  A warrant of attachment was obtained on November 15, 1926, and a levy made on November 15, 1926.

The defendant appeared specially for the sole purpose of moving to vacate the warrant of attachment and levy.  The application was granted on the ground that it appeared from the papers that the alleged cause of action did not accrue within six years next preceding the commencement of the action.  .

It is contended for the appellant that a suit by the United States, arising out of its operation of merchant ships, is one brought in its sovereign capacity to enforce a public right, inasmuch as there is sought to be recovered public money applicable solely to public purposes; and also that the charter of the steamship *Nordlys* was not a commercial venture, but was for a public purpose incidental to the prosecution of the World War.  It is further contended that

the United States Shipping Board Emergency Fleet Corporation was acting as an agent for and on behalf of the United States.

The papers disclose that the contract, out of which the alleged cause of action is asserted to have arisen, was made, not with the United States of America as a party, but with the United States Shipping Board Emergency Fleet Corporation, a corporation duly organized and existing under and by virtue of the laws of the United States, pursuant to the Shipping Act of 1916 (39 U. S. Stat. at Large, 728, chap. 451, as amd.), with powers and duities therein set forth.

There are numerous decisions holding that the Shipping Board Emergency Fleet Corporation is a separate and independent entity, to be treated in the courts as any other corporation. (*Ingersoll-Rand Co.* v. *United States Shipping Board Emergency Fleet Corporation,* 195 App. Div. 838.)

In *Bank of United States* v. *Planters' Bank* (9 Wheat. 904) Chief Justice MARSHALL said: " It is, we think, a sound principle, that when a government becomes a partner in any trading company, it devests itself, so far as concerns the transactions of that company, of its sovereign character, and takes that of a private citizen. Instead of communicating to the company its privileges and its prerogatives, it descends to a level with those with whom it associates itself, and takes the character which belongs to its associates, and to the business which is to be transacted.    *    *    *

" The Government, by becoming a corporator, lays down its sovereignty, so far as respects the transactions of the corporation, and exercises no power or privilege which is not derived from the charter."    (See, also, *United States* v. *Strang,* 254 U. S. 491; *Sloan Shipyards* v. *U. S. Fleet Corp.,* 258 id. 549; *U. S. Shipping Board Emergency Fleet Corp.* v. *O'Shea,* 5 F. [2d] 123.)

The Circuit Court of Appeals for the First Circuit, in *United States* v. *Porto Rico Fruit Union* (12 F. [2d] 961) held that the United States suing for freight, in admiralty, on a bill of lading, was pleading as a sovereign and was not bound by laches.

On the other hand, in *Denver & R. G. R. Co.* v. *United States* (241 Fed. 614) the Circuit Court of Appeals for the Eighth Circuit held that the United States suing a railroad in tort at common law for damages to timber on public lands, entered court as a private litigant with rights no greater than any other landowner and was bound by the Statute of Limitations.

In *Ingersoll-Rand Co.* v. *United States Shipping Board Emergency Fleet Corporation (supra)* several propositions which are here controlling were stated: (1) That the United States Supreme Court had determined the Shipping Board Emergency Fleet Corporation

to be an independent and separate corporation; (2) that it is liable as any other corporation; (3) that it has no greater rights than any other corporation, and (4) that it could sue and be sued in this State, having no greater rights or immunities than any private citizen or corporation; that it and not the government became liable for debts incurred by the Emergency Fleet Corporation, satisfaction thereof to be sought out of its property and not as claims against the United States.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.