Green, Judge,
dissenting:
I am unable to concur in the foregoing opinion, and think that the word “ office ” as used in the act of July 31, 1894, the material provisions of which are set out therein, applies to such a position as the plaintiff held as president of the Emergency Fleet Corporation.
As the statute does not specify what “ office ” is meant, or to what office it is intended to apply; it is ambiguous in its provisions, and in order to determine its proper construe *429 tion we must resort to the intention of Congress, if that can be deduced from the nature of the act and the conditions to which it might apply. One purpose of the statute, at least, was to prevent the Federal Government from paying or being to the expense of two salaries. Under the pressing needs of war many persons already receiving some sort of pay or salary from the Government would be called upon to render services in a capacity quite different from the one for which they were already receiving a salary, and it was highly desirable that a provision should be made in the law to prevent the Government from being subjected to expense thereby “ unless specially * * * authorized thereto by law.”
The majority opinion holds in effect that the plaintiff was not an officer of the United States and did not hold a United States office. This may be conceded, but I think it does not follow that the plaintiff was exempt from the provisions of the act which, as we have seen, does not specify that the office must be one of that class. It is clear that the plaintiff held an office, and the question, as I view it, is not whether he was an official of the Federal Government but whether he held such an office as was contemplated by the act.
It was well understood that the Emergency Fleet Corporation would not be able to meet its expenses from its ordinary receipts and that the Federal Government would have to make up the difference. In other words, plaintiff’s salary would in the long run have to be paid by the Government. The case therefore seems to me to belong to a class which was intended to be reached by the statute. This matter is mentioned particularly because it is referred to in a case hereinafter cited.
It is said in the majority opinion that the Emergency Fleet Corporation was an entity distinct from the United States. Technically this is correct, but I do not think it prevents the application of the statute, and in this connection the language of the Supreme Court in the case of Emergency Fleet Corporation v. Western Union Telegraph Co., 275 U. S. 415, 422, is in point.
In the case above cited, the question to be determined was whether the Government was entitled to a special rate under *430 the provisions of section 2 of the post roads act, reading as follows:
“ That telegraphic communications between the several departments of the Government of the United States and their officers and agents shall in their transmission over the lines of any of said companies, have priority over all other business, and shall be sent at rates to be annually fixed by the Postmaster General.’*
In the opinion it was said, with reference to the Fleet Corporation:
“ These services of the Fleet Corporation were obviously of a public nature. It has never done any business, or conducted any operation, except on behalf of the United States.”
When it was argued that the Fleet Corporation was a private corporation, the Supreme Court said, “ In form, it is such,” but attention was called to the fact that all of its capital was subscribed on behalf of the United States, that the United States alone had a financial interest in its capital stock, and that to hold that the commercial rate for messages should be paid by it or its officers in transacting the public business would necessarily increase the charges on the public treasury to the same extent as if the business had been “ done for it by some other department of the Government.”
It was finally held that the Fleet Corporation “ is a department of the United States within the meaning of the post roads act,” and the plain inference from the opinion of the court is that, although “ in form ” the Fleet Corporation was a private corporation, it was not such in substance and effect. When applied to the case at bar such a construction does not appear to me to be in conflict with the holding in United States v. Mouat, 124 U. S. 303, 301, cited in the majority opinion and in which the court said:
“ Unless a person in the service of the Government, therefore, holds his place by virtue of an appointment by the President, or of one or the courts of justice or heads, of departments authorized by law to make such an appointment, he is not, strictly speaking, an officer of the United States.” (Italics mine.)
Nor do I think this construction conflicts with the holding In United States v. Strang, 254 U. S. 491. In that case, as *431 in the case at bar, the question to be determined was the proper construction of the case in the light of the evident purpose of Congress, as expressed by the act and other acts of that body with reference to similar matters. The act in question in that case was one creating a criminal offense, punishable by fine and imprisonment, and in such cases the rule of construction is different than in those governed by the rules of civil law like the case at bar, for if the act be doubtful in its meaning the act must be strictly construed in favor of the defendant, and when so construed would not apply to the officers of the Fleet Corporation.
If the officers of the Fleet Corporation can be, as was held in the Western Union Telegraph Co. case, supra, officers of a “department of the Government of the United States ” within the meaning of the post-office statute construed in that case, I am unable to see why they should not also be considered to hold an office within the meaning of the act under consideration in the instant case.
Section 2 of the act of July 31, 1894, directly following the language quoted in the original opinion, reads:
“ * * * but this shall not apply to retired officers of the Army or Navy whenever they may be elected to public office or whenever the President shall appoint them to office by and with the advice and consent of the Senate.”
The fact that Congress considered that the word “ office ” applied to offices to which officers of the United States might be elected and chose to except retired officers of the Army or Navy when so elected seems to me to indicate that Congress intended that the word “ office,” as used in the preceding clause, should not be limited to offices of the United States. The elective offices under the United States Government are few, and the probability of a retired Army or Navy officer being elected to any of them is so remote that it might well be ignored. Technically, a Congressman is not an officer of the United States within the meaning of the word as used in the Constitution. On the other hand, it might well be expected that there would be instances of retired officers of the Army or Navy being elected to a State office where the pay is not high, and Congress may well have *432 considered that in such event they should not be deprived of their retired pay. It is not necessary, however, that we should determine whether the word “ office ” as used in the act referred to State as well as Federal offices, but only as to whether it included the office of president of the Emergency Fleet Corporation.
While the facts in the Western Union Telegraph Go. ease, supra, are different from those of the case' at bar, I am of the opinion that the same principle applies. Indeed, it would seem to me that the case now before the court is somewhat stronger, because in the case cited the act applied to “ departments of the Government,” but in the act under consideration the term “ office ” is not limited to offices “ of the Government.” If Congress had intended that it should be strictly limited it would seem that they would have added after the word “ office ” the words “ of the United States,” or some language to the same effect. In the case at bar, following the general principles of the Western Union Telegraph Co. case, supra, I think we should seek for the meaning and intent of Congress and to carry out such intent,, construe the act liberally and not strictly. Also I think it should especially be considered that the act of July 31, 1894, did not limit the application of the word “ office ” to-those of the United States, and that the general purpose and object of the act could not be accomplished if the act was so construed. In the light of these matters and the principles laid down in the Western Union Telegraph Co. case, supra, I am of the opinion that the petition of plaintiff should be dismissed.