**TOMLIN v. IRVINE.**

**No. 11853.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 22, 1954.

Decided April 29, 1954.

---

Mr. O. E. Jones, Washington, D. C., for appellant.

No brief for appellee. Messrs. James A. Washington, Jr., and Frank D. Reeves, Washington, D. C., entered appearances for appellee.

Before EDGERTON, PRETTYMAN and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

The late Clinton M. Irvine while in the course of his employment as a custodian at Howard University was so injured by an explosion of chemicals that he died on March 27, 1952. Surviving were his widow, Edith Irvine, and his mother, Nancy Irvine. The decedent left no estate other than a possible cause of action for his wrongful death. See D.C. Code, § 16-1201 (1951). The decedent's mother consented to the appointment of the petitioner, decedent's aunt, as administratrix of the decedent's estate, apparently on the theory that the estate has a valid claim against Howard University which the widow is unwilling to assert. Decedent's widow contested petitioner's

application, and actually opposed the appointment of any administratrix but claimed that if one were to be appointed, she, as the widow, should be named. The District Court, sitting as a court of probate, did not rule on the widow's claim to possible appointment but denied petitioner's application for appointment as such administratrix. This appeal followed.

Following Irvine's death, his widow, in an administrative proceeding before the Bureau of Employees' Compensation of the Department of Labor, received an award under the Federal Employees' Compensation Act.[1] If decedent was an employee of the United States or of Howard University as an "instrumentality" of the United States, the liability under the Act was exclusive, and neither the United States nor its instrumentality could be liable in a separate action.[2] Posey v. Tennessee Valley Authority, 5 Cir., 1937, 93 F.2d 726. If decedent were not an employee of the United States but of Howard University, and if Howard University were not an "instrumentality" of the United States, the Federal Employees' Compensation Act would not apply.[3]

There is no record before this Court upon which we can determine that Irvine was an employee of a private institution rather than of the federal government. For all that appears, the Bureau found that decedent was in the employ of the Federal Security Agency,[4] and that he received his compensation from the United States Government. The Bureau might have found that he was a federal

---

1. 5 U.S.C.A. § 751 et seq.

2. Section 7(b) of the Federal Employees' Compensation Act, 5 U.S.C.A. § 757(b), provides in pertinent part: "The liability of the United States or any of its instrumentalities * * * with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and anyone otherwise entitled to recover damages from the United States or such instrumentality, on account of such injury or death * * *."

3. We need not decide whether or not in that event the widow would have been entitled to the protection of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., as made applicable to the District of Columbia, D.C.Code, § 36-501 (1951).

4. Functions formerly performed by the Federal Security Agency have been transferred to the Department of Health, Education and Welfare. Reorg. Plan No. 1 of 1953, 5 U.S.C.A. following section 623.

employee but that for the performance of his duties, he was simply assigned to Howard University. The Bureau may have concluded that Howard University is not an instrumentality of the United States and that it is not enough that the University is the recipient of an annual federal appropriation, and in some degree is under jurisdiction of the Department of Health, Education and Welfare. See 20 U.S.C.A. § 121 et seq., and Reorg. Plan No. 1 of 1953, 5 U.S.C.A. following section 623. See also, Maiatico Construction Co. v. United States, 1935, 65 App.D.C. 62, 79 F.2d 418, certiorari denied U. S. to use of Phelps v. Maiatico Const. Co., 1935, 296 U.S. 649, 56 S.Ct. 309, 80 L.Ed. 462.

Petitioner argued to the District Court and urges here that a cause of action lies against Howard University as a third party wrongdoer responsible for the death of the decedent Irvine. Had the status of Irvine been questioned before the Bureau of Employees' Compensation, it would have been necessary for the Bureau to determine whether he was an employee of Howard University as a private institution and not within the Act, or whether he was an employee of the United States or of an instrumentality of the United States. In Lewis v. United States, 1951, 89 U.S.App.D.C. 21, 190 F. 2d 22, certiorari denied, 1951, 342 U.S. 869, 72 S.Ct. 110, 96 L.Ed. 653, this Court said: "The coverage of [Federal Employees' Compensation] Act is * * left to the primary determination of the agency administering it."

The petitioner, so far as the record shows, presented no challenge to the administrative determination that the deceased was a federal employee and that decedent's widow was entitled to compensation under the Act.[5] Apparently the Bureau of Employees' Compensation so found, for an award was made to the widow under the Act. Again, the District Court, sustaining the Bureau's determination, held that: "the alleged claim of petitioner that a cause of action for [intestate's] death exists in his estate under the provisions of the Wrongful Death Statute of the District of Columbia (Tit. 16, § 1201 D.C. Code) is without merit in view of the applicability of the [Federal Employees' Compensation Act] * * *."

Upon the record thus presented, the judgment of the District Court will be

Affirmed.

---

5. Section 37 of the Federal Employees' Compensation Act, 5 U.S.C.A. § 787, provides in part that: " * * * the Secretary may, at any time, on his own motion or on application, review the award, and, in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, award compensation. * * * "