Gladstone **FERREIRA**, Plaintiff,

v.

**PANAMA CANAL COMPANY,**
Defendant.

Civ. A. No. 3021–62.

United States District Court
District of Columbia.

March 25, 1963.

Lichtenberg & Luria, by A. Fred Freedman, Washington, D. C., Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

David C. Acheson, U. S. Atty., Leavenworth Colby, Chief, Admiralty and Shipping Section, Allan J. Weiss, Attorney, Admiralty and Shipping Section, Department of Justice, Washington, D. C., of counsel, for defendants.

JONES, District Judge.

This action was instituted by the plaintiff to recover damages for personal injuries. The complaint alleges that the action was brought by virtue of an Act of Congress (Title 45 U.S.C.A. § 51 et seq., as amended) commonly known as the Federal Employers' Liability Act. Defendant has filed a motion for summary judgment. Both parties agree that there is no genuine issue with respect to the following statement of facts:

Pursuant to the Act of June 29, 1948, 62 Stat. 1075, defendant Panama Railroad Company (name changed to Panama Canal Company, Act of September 26, 1950, 64 Stat. 1038) was incorporated under federal charter as a wholly-owned instrumentality of the United States for the purpose of maintaining and operating the Canal, the Panama Railroad and their equipment. At all times here pertinent plaintiff was in the employ of and performing work for the defendant. On August 1, 1961, plaintiff was assigned by his employer to the S.S. ROULA as a linehandling seaman to assist in ROULA's transit of the Panama Canal. While so engaged in that employment, plaintiff was injured when he was struck by a locomotive towing cable that slipped off a padeye on the vessel's deck. Pursuant to the provisions of the Federal Employees' Compensation Act, 5 U.S.C. § 751 et seq., plaintiff, on August 1, 1961, filed with the Comptroller of the Panama Canal Company a notice of injury and claim for compensation and medical treatment. The Comptroller, on August 4, 1961, found and determined that plaintiff's injury occurred in the performance of his duty, that the condition caused by the injury was a fracture of the left femur; and the Comptroller approved plaintiff's compensation claim for loss of earnings resulting from the injury. As a result of the Comptroller's findings of fact and approval of the claim, the defendant paid plaintiff from August 5, 1961 through May 25, 1962, a total of $881.16 for loss of earnings and, in addition thereto, it paid plaintiff's medical expenses and for treatment of him.

Defendant, in support of its motion for summary judgment, contends that plaintiff's exclusive remedy for the injuries sustained by him is under the Federal Employees' Compensation Act, 5 U.S.C § 751 et seq., and that he is therefore precluded from maintaining this action instituted under the Federal Employers' Liability Act.[1]

1. Defendant also contends that this Court is without jurisdiction to review the findings of fact and liability as determined by the Comptroller of the Panama Canal Company in the administration of the Federal Employees' Compensation Act.

Plaintiff resists defendant's contention and asserts that the Federal Employers' Liability Act extends to the Canal Zone and that as an employee of the Panama Canal Company, plaintiff may sue the defendant under the Federal Employers' Liability Act. Plaintiff cites Panama Railroad Co. v. Minnix, 282 F. 47 (5th Cir., 1922).

In the Minnix case, plaintiff was employed by the Panama Railroad Company as a stevedore foreman to superintend a gang engaged in coaling vessels. He was working underneath a conveyor which carried coal to a chute and, while so engaged, a lump of coal fell off the conveyor on to one of his feet breaking several bones and injuring him seriously. He brought suit under the Federal Employers' Liability Act and recovered a verdict. On appeal to the 5th Circuit Court of Appeals, the verdict was confirmed. Minnix had made no application for any compensation under the Federal Employees' Compensation Act. The Court of Appeals recognized that the United States was the sole stockholder of the Panama Railroad Company and the Court held that it took an express provision of the Federal Employees' Compensation Act to extend the benefits to the employees of the Panama Railroad Company.

The fact that Minnix made no application for compensation under the Federal Employees' Compensation Act is not, in plaintiff's view, any basis for distinguishing the Minnix case from the case at bar. Plaintiff cites § 790 of 5 U.S.C. as providing for benefits under the Federal Employees' Compensation Act to the employees of the Panama Canal Company. However, he adds that in order for an employee to be entitled to such benefits he must first release or assign to the United States his right to claim damages under the laws of any state, territory or possession of the United States or of the District of Columbia and that, until he either so releases or assigns his right to claim damages, he is not entitled to compensation benefits under the Federal Employees' Compensation Act (5 U.S.C. § 791). Since plaintiff did not release nor assign his claim under the Federal Employers' Liability Act against the Panama Canal Company, he contends that he did not elect to be entitled to compensation benefits under the Federal Employees' Compensation Act.

It is to be noted that at the time the Minnix case was decided, the Federal Employees' Compensation Act did not contain an "exclusive remedy" provision. It was not until 1949 that the Act was amended to provide that the liability of the United States "or any of its instrumentalities" under several sections of the Federal Employees' Compensation Act, including § 791 of 5 U.S.C., shall be exclusive, and in place of all other liability of the United States or such instrumentality to the employee on account of any such injury (5 U.S.C. § 757(b)).

Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952) and Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959), cited by defendant, hold that 5 U.S.C. 757(b) of the Federal Employees' Compensation Act provides the exclusive remedy for injured employees of instrumentalities of the United States. See also Tomlin v. Irvine, 94 U.S.App.D.C. 101, 212 F.2d 635 (1954); Lewis v. United States, 89 U.S.App.D.C. 21, 190 F.2d 22 (1951); Aubrey v. United States, 103 U.S.App.D.C. 65, 254 F.2d 768 (1958); Smither & Company, Inc. v. Coles, 100 U.S.App.D.C. 68, 242 F.2d 220 (1957), cert. denied 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1129; Daniels-Lumley v. United States, 113 U.S.App.D.C. 162, 306 F.2d 769 (1962).

Plaintiff would distinguish Johansen and Patterson, as well as Lewis v. United States and Daniels-Lumley v. United States, from the case at bar on the ground that in those cases no statutory right to sue for damages was available to the respective plaintiffs and that they

This question is not reached in view of the disposition made of this case on defendant's first reason for granting the motion for summary judgment.

were never entitled to any remedy other than benefits under the Federal Employees' Compensation Act.

Whatever merit there may be to the contention made by the plaintiff with respect to those cases, the same cannot be said of Mills v. Panama Canal Company, 272 F.2d 37 (2nd Cir., 1959), cert. denied 362 U.S. 961, 80 S.Ct. 877, 4 L.Ed.2d 876 (1960). In that case, Mills, a seaman employed by the Panama Canal Company, brought his action to recover damages for injuries allegedly sustained at the Port of Colon, Panama, while performing his duties on the S.S. CRISTOBAL, a vessel owned and operated by the Panama Canal Company. Plaintiff Mills asserted a right to maintain his action under the provisions of the Merchant Marine Act, commonly known as the Jones Act (46 U.S.C. § 688). Defendant moved to dismiss the complaint on the ground that the Court lacked jurisdiction over the defendant and the subject matter of the action because "at the time of the alleged injury, plaintiff was an employee of the Panama Canal Company, a Government corporation, and that by reason thereof plaintiff's sole and exclusive remedy lies under the Federal Employees' Compensation Act, as amended, 5 U.S.C. [A.] § 751 et seq." The trial court granted the motion which was affirmed by the Court of Appeals of the 2nd Circuit, certiorari being denied by the Supreme Court.

The Mills case is particularly apposite here. The Jones Act, under which Mills instituted his action, expressly makes applicable to a seaman who suffers personal injury in the course of his employment the Federal Employers' Liability Act. See Swanson v. Marra Bros., 328 U.S. 1, 3, 66 S.Ct. 869, 90 L.Ed. 1045 (1946). Thus, unlike the plaintiffs in Johansen and Patterson whom plaintiff claims were entitled to no other remedy than com-

pensation, Mills had, but for the "exclusive remedy" provisions of the Compensation Act, a remedy under the Federal Employers' Liability Act as made applicable to him by the Jones Act.

Here, plaintiff, like Mills, would have had a remedy under the Federal Employers' Liability Act, but for the "exclusive remedy" provision of the Compensation Act. Plaintiff, being an employee of defendant, an instrumentality of the United States, has as his only remedy the benefits provided by the Compensation Act.[2]

Defendant's motion for summary judgment is granted.

---

2. Neither party to this action raises any question with respect to plaintiff being one engaged in the type of employment covered by the Federal Employers' Liability Act. However, if, as a linehandling seaman, he were to be considered a seaman rather than a railroad employee, the Mills case would preclude him from bringing this action under the Jones Act.