## POPE v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, S. D. Florida. April 15, 1920.)

United States ⬦125—Emergency Fleet Corporation may be sued without consent of Congress.

The Emergency Fleet Corporation, which was organized with the ordinary powers and liabilities of corporations, but all of whose stock is owned by the United States, and which operates on money provided by the government, is not a governmental establishment, and may be sued without the consent of Congress to such suit.

At Law. Action by J. W. Pope against the United States Shipping Board Emergency Fleet Corporation. On motion to dismiss, and on demurrer to a plea to the jurisdiction. Motion denied, and demurrer sustained.

George W. Powell, of Dora, Ala., for plaintiff.

H. S. Phillips, of Tampa, Fla., and Fred Botts, of Jacksonville, Fla., for defendant.

CALL, District Judge. The question raised by the motion to dismiss and the plea to the jurisdiction is: Can the Shipping Board Emergency Fleet Corporation be sued; or, is it such a governmental establishment as exempts it from a suit?

The corporation was organized under the laws of the District of Columbia, pursuant to authority contained in the act of Congress (Comp. St. § 8146f), with the ordinary powers and liabilities of corporations provided for by the laws governing the formation of corporations in the District. The United States is the sole owner of the stock of said corporation. The business of the corporation was building and completing ships, and buying material for same, operating and chartering ships, etc. The money paid out was the money provided by the government.

The cause of action alleged in the declaration is a breach of contract of sale made by the corporation with the plaintiff for certain material in storage yards theretofore purchased by the corporation for building, finishing, and repairing ships. Do these facts make the suit one against the United States, and, therefore, not cognizable in this court unless the Congress has consented to such proceeding? I think not.

In the case of Bank of the United States v. Planters' Bank of Georgia, 9 Wheat. 904, 6 L. Ed. 244, the Supreme Court distinctly held that the fact that the state of Georgia was a stockholder in the defendant bank did not make the suit one against the state. This decision was by Chief Justice Marshall, and, so far as I am aware, has never been overruled or modified, nor do I think that the fact that the state was not the sole stockholder, as is the case in the present suit, material.

Under the act of Congress the United States was authorized to subscribe for not less than a majority of the stock, and if such majority had been subscribed for, rather than the whole, it could not well

be said that the decision of the above case did not apply and fully cover the question at issue here.

The Circuit Court of Appeals for the Second Circuit, in the case of Salas v. U. S., 234 Fed. 842, 148 C. C. A. 440, held that a conspiracy to defraud the Panama Railway, the stock in which was owned by the United States, the operating expenses paid by the United States, and the receipts from such operation the property and money of the United States, was not a conspiracy to defraud the United States; and this decision, as I understand it, was made upon the authority of Bank of the United States v. Planters' Bank of Georgia, above. See, also, Gould Coupler Co. v. This Defendant and Employers' Liability Assurance Corporation v. This Defendant, 261 Fed. 716, decided by Judge Hand in the Southern District of New York.

It is true that the Circuit Court of Appeals of the Ninth Circuit in Ballaine v. Alaskan Northern Railway, 259 Fed. 183, 170 C. C. A. 251, 8 A. L. R. 990, held that a suit against the railway company was a suit against the United States, and could not be maintained; this holding being based upon the fact that the United States owned the stock of the railway, operated it, paid its expenses, and received the returns from such operation, which is exactly contrary to the holding in the Salas Case. Giving both decisions careful consideration, the Salas Case impresses me as being based on sounder principles, and I therefore follow it.

The decisions in the cases referring to ships are placed upon consent contained in the act itself, and are therefore of little value in deciding the question here involved, unless it shall be contended that the fact that the government takes stock in corporations engaged in business pursuits other than government purposes by this act impliedly gives its consent to be sued; but that is not the ground on which those decisions rest, as I understand it. They rest upon the ground that the corporation is a legal entity, with a right to sue and be sued, and a suit against the corporation is not a suit against the stockholders, or any of them, and it seems to me that this is a correct statement of the law.

In the briefs I was referred to section 6 of the Deficiency Appropriation Act of October 6, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 251a), passed by Congress, in which Congress specifically mentions this defendant as a governmental establishment for the purpose of preventing transfer of employés from one department to another. Had the contention of counsel been the view taken of the defendant and its actings and doings by the members of Congress, it seems to me it would have been unnecessary, for the specific purpose of preventing the transfer of employés from one department to another, to have mentioned this defendant. It was singled out, and for that express purpose, and, which might readily be said, for no other purpose, it was viewed as a governmental establishment.

For the reasons expressed above, motion to dismiss will be denied, and the demurrer to the plea to the jurisdiction will be sustained.