**BANQUE-RUSSO ASIATIQUE-LONDON v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.**

**THE KITTEGAUN.**

(District Court, E. D. Pennsylvania. July 13, 1920.)

No. 24.

Shipping ⬤�ube3½, New, vol. 8A Key-No. Series—Suit in personam against Emergency Fleet Corporation not affected by statute.

Act March 9, 1920, §§ 1, 2, prohibiting the arrest or seizure of vessels or cargoes owned or possessed by the United States, or by any corporation in which the United States owns the entire stock, and providing that, where suits in rem against such vessels or cargoes would be maintainable as against private owners, suits in personam may be brought against the United States or the corporation, as the case may be, has for its sole purpose preventing interference with the operation of government owned or controlled vessels employed in commerce, by substituting for suits in rem authorized by Shipping Board Act Sept. 7, 1916, § 9 (Comp. St. § 8146e), suits in personam, and it has no application to a suit in personam against the United States Shipping Board Emergency Fleet Corporation, arising out of breach of contract.

In Admiralty. Suit by the Banque-Russo Asiatique-London against the United States Shipping Board Emergency Fleet Corporation, owner of the Steamship Kittegaun, with Charles Kurz & Co., Incorporated as garnishee. On petition to set aside service of citation and to dissolve foreign attachment. Petition dismissed.

Lewis, Adler & Laws, of Philadelphia, Pa., for libelant.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa., for respondent.

THOMPSON, District Judge. The present suit is upon a libel in personam in a cause of breach of contract, civil and maritime. The libelant's claim is based upon a charge for demurrage alleged to be in violation of the bill of lading under which the steamship Kittegaun had carried from Batoun to Philadelphia a cargo of manganese ore.

It is alleged in the libel that the Kittegaun was operated by the Export Steamship Corporation, of New York, for and on behalf of the United States Shipping Board Emergency Fleet Corporation, and employed solely as a merchant vessel, as used and contemplated in the Shipping Board Act of September 7, 1916, and its supplements. Upon a citation issued with a clause of foreign attachment, the marshal attached the credits and effects of the respondent in the hands of Charles Kurz & Co., Incorporated, as garnishee.

A petition was thereupon filed by the United States attorney, "for

and on behalf of the United States of America and/or the United States Shipping Board Emergency Fleet Corporation," praying that the service of the citation shall be set aside and the writ of attachment dissolved, and that proceedings under the libel shall be had in accordance with the provisions of the act of Congress approved March 9, 1920. It is alleged that by the terms of that act an exclusive remedy is provided for the bringing of suits and the recovery of claims arising out of admiralty proceedings against the United States, or any corporation in which the United States or its representatives shall own the entire outstanding capital stock. The petition avers that the Kittegaun is an American vessel, and is listed in the name of the United States ·of America, and is owned by the United States, that the steamship is operated as averred in the libel, and that the moneys attached, in the hands of the garnishee, are the moneys of the United States, derived from the operation of the steamship.

The practice adopted by the United States attorney is novel, and it is asked, upon the mere averments of the petition, that the facts therein set forth be accepted as true, and that upon those facts the service of the citation be set aside and the writ of attachment dissolved. The usual course of procedure in admiralty would be through intervention as a claimant and proof of the facts put in issue by an answer to the libel. Aside from the irregularity in practice, however, I think the government has placed too broad a construction upon the act of March 9, 1920. The Shipping Act of September 7, 1916, provides (section 9 [Comp. St. § 8146e]) that vessels purchased, chartered, or leased from the United States Shipping Board—

"while employed solely as merchant vessels shall be subject to all laws, regulations, and liabilities governing merchant vessels, whether the United States be interested therein as owner, in whole or in part, or hold any mortgage, lien, or other interest therein."

The act of March 9, 1920, in section 1, prohibits arrest or seizure of vessels or cargoes owned or possessed by the United States, or by any corporation in which the United States or its representatives shall own the entire outstanding stock, or vessels operated by or for the United States or for such corporation. Section 2 provides that in cases where, if such vessel were privately owned or operated, or such cargo were privately owned or possessed, a proceeding in admiralty could be maintained, a libel in personam may be brought against the United States, or against such corporation, as the case may be, provided that such vessel is employed as a merchant vessel or is a tugboat operated by such corporation. Such suits shall be brought in the District Court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found. The section then provides for service on the United States and such corporation by serving a copy of the libel on the United States attorney for the district and the mailing of a "copy thereof by registered mail to the Attorney General."

As will be seen upon examination of the statute, section 1 merely

prohibits the arrest or seizure of vessels and cargoes in which the United States or a corporation described has the required interest. There is nothing in section 1 or elsewhere in the act which prohibits a libel in personam against a corporation in which the United States has the entire stock interest, for a cause of action in which a libel in personam would lie against it under admiralty and maritime law. The apparent intent of sections 1 and 2 of the act is to prevent interference through arrest and seizure with vessels and cargoes while the vessels are being operated or the cargoes are in course of transportation, and to substitute for an action in rem against the vessel or cargo an action in personam.

Section 13 repeals the provisions of all other acts inconsistent therewith. As the provisions of section 9 of the Shipping Act of September 7, 1916, are broad in their terms, making such vessels while employed solely as merchant vessels subject to all laws, regulations, and liabilities governing merchant vessels, and the act of March 9, 1920, by sections 1 and 2, provides for the substitution of an action in personam where an action in rem would lie, it is evident that Congress did not intend to repeal the pertinent part of section 9 of the act of 1916, so that all suits in admiralty were to be included within the terms of the act of 1920, but that it was solely intended to substitute an action in personam for an action in rem against the vessel or the cargo, and the effect was to take such cases out of the provisions of the earlier act. There would seem to be no sound reason for construing the act of 1920 as doing more than regulating such suits in admiralty as would interfere with the operation of vessels and the possession of cargoes, if brought in rem, leaving the vessel subject in other cases to the broader provisions of section 9 of the Shipping Act of 1916.

In my opinion sections 1 and 2 of the act of 1920 must be read together. Section 1 does not prohibit suits against corporations in which the United States has ownership of the entire outstanding stock, but prohibition of arrest and seizure of vessels and cargoes is the sole purpose of the section. It is further apparent, from the provision of section 2 that suits shall be brought in the district in which the parties reside or in which the vessel or cargo charged with liability is found, that the procedure was intended to apply only to proceedings in rem against the vessel or cargo. The present suit is not based upon any liability of the vessel or cargo. It is a suit based upon a contract created by the terms of a bill of lading issued on account of the Emergency Fleet Corporation, owner of the vessel, a foreign corporation organized under the laws of the District of Columbia, with service of a foreign attachment upon the garnishee, as provided for in rule 2 of the Supreme Court Equity Rules.

That the Emergency Fleet Corporation is subject to suit as other corporations of the District of Columbia has been held by this court in the case of Commonwealth Finance Corporation v. Landis, 261 Fed. 440, and Perna v. United States Shipping Board Emergency Fleet Corporation, 266 Fed. 896, in a recent opinion, and by Judge Learned Hand, of the Southern district of New York, in the case of Gould

Coupler Co. v. U. S. Shipping Board Emergency Fleet Corporation, 261 Fed. 716.

The petition to set aside service and dissolve the attachment is dismissed.