## AMERICAN COTTON OIL CO. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, E. D. Louisiana, New Orleans Division. January 15, 1921.)

No. 16395.

1. **United States ☞125—Emergency Fleet Corporation can be sued in tort.**

   The United States Shipping Board Emergency Fleet Corporation, which was created under the Code of the District of Columbia and has capacity to sue and be sued the same as other corporations, may be sued at law for a tort, though all its stock is owned by the United States.

2. **Courts ☞289—Suit against Emergency Fleet Corporation "arises under federal laws."**

   A suit at law against the United States Shipping Board Emergency Fleet Corporation, which was created under the Code of the District of Columbia, is a suit arising under the laws of the United States, over which the United States courts have jurisdiction where the amount in controversy exceeds $3,000.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Arise—Arising.]

At Law. Action by the American Cotton Oil Company against the United States Shipping Board Emergency Fleet Corporation. On exception to the jurisdiction of the court. Exception overruled.

Miller, Miller & Fletchinger, of New Orleans, La., for plaintiff.

Henry Mooney, U. S. Atty., and Terriberry, Rice & Young, all of New Orleans, La., for defendant.

FOSTER, District Judge. This is a suit at law against the Emergency Fleet Corporation to recover damages caused to a wharf owned by plaintiff from a collision with one of the vessels owned and operated by the defendant. An exception is filed to the jurisdiction of the court on the ground that the suit is really against the United States and there can be no recovery for a tort not cognizable in admiralty.

[1] The Emergency Fleet Corporation was created under the provisions of the Code of the District of Columbia by virtue of the authority vested in the United States Shipping Board by acts of Congress and has the capacity to sue and be sued the same as other corporations. In the case of United States v. Strang et al., 254 U. S. ——, 41 Sup. Ct. 165, 64 L. Ed. ——, decided January 3, 1921, the Supreme Court held that the Emergency Fleet Corporation must be regarded as a separate entity notwithstanding all of its stock is owned by the United States, citing United States v. Planters' Bank of Georgia, 9 Wheat. 904, 6 L. Ed. 244, and other authorities. The following cases are to the same effect: Gould Coupler Co. v. Emergency Fleet Corporation (D. C.) 261 Fed. 716; Southern Bridge Co. v. U. S. Shipping Board (D. C.) 266 Fed. 747; Lord & Burnham Co. v. U. S. Shipping Board (D. C.) 265 Fed. 955; Ingram Day Lumber Co. v. U. S. Shipping Board Emergency Fleet Corporation (D. C.) 267 Fed. 283. In the case of The Lake Monroe, 250 U. S. 246, 39 Sup. Ct. 460, 63 L. Ed. 962, the Supreme Court held that a vessel of the Shipping Board might be seized under admiralty process in a case sounding in tort.

There is no good reason why the corporation should not be sued for damages arising from tort as well as from breach of contract. The question may arise as to whether or not the property of the corporation may be seized and sold to satisfy a judgment, but there is no need to consider that in connection with the exception in this case. After the plaintiff has established his claim, if he does so, there will be time enough to consider the method of collection.

[2] As the amount in dispute is more than $3,000, and the case must be held to arise under the laws of the United States (Texas & Pacific Railroad v. Cody, 166 U. S. 606, 17 Sup. Ct. 703, 41 L. Ed. 1132), the exception will be overruled. Ten days will be allowed in which to answer.