**TRAYLOR ENGINEERING & MFG. CO. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.**

(District Court, E. D. Pennsylvania.   January 13, 1922.)

No. 8398.

1. **United States �köw125—United States Shipping Board Emergency Fleet Corporation suable on contracts like other corporations.**

   The United States Shipping Board Emergency Fleet Corporation is a separate entity, notwithstanding all its stock is owned by the United States, and where it enters into contracts is suable in the same manner as other corporations.

2. **Corporations ⊛484(1)—In absence of statute or charter conferring power, corporation cannot become guarantor or surety, or lend its credit.**

   The general rule is that, in absence of statute or charter conferring the power, no corporation can become a guarantor or surety, or otherwise lend its credit to another person or corporation.

3. **Pleading ⊛350(3)—Sufficiency of defense of ultra vires cannot be determined without charter of corporation.**

   On rule for judgment against a corporation for want of a sufficient affidavit of defense, based on a claim that a contract was ultra vires, *held* that, in the absence of defendant's charter from the record, the question could not be determined, and the rule would be discharged.

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by the Traylor Engineering & Manufacturing Company against the United States Shipping Board Emergency Fleet Corporation. On rule for judgment for want of sufficient affidavit of defense. Rule discharged.

Francis B. Bracken, of Philadelphia, Pa., for plaintiff.

Wm. Y. C. Anderson and George W. Coles, U. S. Atty., both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The rule for judgment raises three questions:

[1] 1. Is the suit in substance and effect against the United States, and therefore maintainable only in the Court of Claims? The Supreme Court in the case of United States v. Strang, 254 U. S. 491, 41 Sup. Ct. 165, 65 L. Ed. ——, decided that, notwithstanding all the stock of the United States Shipping Board Emergency Fleet Corporation was owned by the United States, it must be regarded as a separate entity; and it has been held by this court and other federal courts throughout the United States that, where it enters into contracts, it is suable in the same manner as other corporations.

2. Was the contract between the parties one of suretyship or guaranty? It is unnecessary to determine this question upon this rule, unless the following question is answered in the affirmative:

[2] 3. Is a contract of guaranty or suretyship within the corporate powers of the United States Shipping Board Emergency Fleet Corporation? The general rule is that no corporation has the power to become a guarantor or surety, or otherwise to lend its credit to another person or corporation. Humboldt Mining Co. v. American Manufacturing Co., 62 Fed. 356, 10 C. C. A. 415; Tod v. Land Co. (C. C.) 57 Fed. 51.

[3] There are exceptions to the rule, based upon the statutes under which corporations have been organized, and upon the powers conferred by their charters. Without the charter of the defendant upon the record, this question cannot be answered upon this rule.

Rule discharged.