### UNITED STATES v. MATTHEWS et ux.

(Circuit Court of Appeals, Ninth Circuit. July 3, 1922.)

No. 3697.

United States ☞124—Emergency Fleet Corporation and not government proper entity to maintain action to recover money paid through it by mistake.

The Emergency Fleet Corporation is not a governmental department or arm of the government, but a mere agent for carrying out the powers delegated to it by Congress, either directly or through the authority conferred upon the President, and it and not the United States was the proper entity to maintain an action to recover money paid through it by error and mistake.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by the United States of America against J. J. Matthews and wife. From a judgment of dismissal, plaintiff brings error. Affirmed.

Robert C. Saunders, U. S. Atty., and F. C. Reagan, Asst. U. S. Atty., both of Seattle, Wash.

James P. Weter, F. M. Roberts, and Wm. G. Long, all of Seattle, Wash., for defendants in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This action was instituted to recover a sum of money which it is alleged the plaintiff, by and through "its agent or governmental department," the Emergency Fleet Corporation, paid to the defendant J. J. Matthews, doing business under the firm name of J. J. Matthews & Co., through error and mistake. A demurrer was interposed on the ground, among others, that there is a defect of parties plaintiff. The demurrer was sustained and a dismissal followed. The case is here on writ of error from the judgment thus rendered.

The question presented for decision is whether the action should have been instituted by and in the name of the Emergency Fleet Corporation, instead of in the name of the United States. Since the decision of the Supreme Court in the allied cases of Sloan Shipyards Corporation et al. v. United States Shipping Board Emergency Fleet Corporation and the United States of America, Astoria Marine Iron Works v. United States Shipping Board Emergency Fleet Corporation, and United States Shipping Board Emergency Fleet Corporation, representing the United States of America, v. Roger B. Wood, Trustee in Bankruptcy, 258 U. S. ——, 42 Sup. Ct. 386, 66 L. Ed. ——, there would seem to be no further question that the Fleet Corporation is not a governmental department or arm of the government possessing sovereignty, and that, while it is an entity capable of suing and being sued, it is a mere agent for carrying out the powers delegated to it by Congress, either directly or through the authority conferred upon the President. In its opinion in the cases above cited the court says:

"Supposing the powers of the Fleet Corporation to have been given to a single man, we doubt if any one would contend that the acts of Congress and the delegations of authority from the President left him any less liable than other grantees of the power of eminent domain to be called upon to defend himself in court. An instrumentality of government he might be and for the greatest ends, but the agent, because he is agent, does not cease to be answerable for his acts. * * * If what we have said is correct, it cannot matter that the agent is a corporation, rather than a single man. The meaning of incorporation is that you have a person, and as a person one that presumably is subject to the general rules of law."

We deduce from the reasoning the legal conclusion that the proper entity to maintain the action in question is the Fleet Corporation, and not the United States.

Judgment affirmed.

The decision in this case has been delayed on account of the pendency of the above cases in the Supreme Court, anticipating that its decision would probably be decisive here.