JOHN G. WRIGHT & CO. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, S. D. New York. August 10, 1922.)

1. Pleading ⬅367(5)—Answer held subject to motion to make more definite and certain.

A paragraph in the answer in an action for damage to cargo, setting up that defendant was exempted from liability under one or more of seven clauses in the bill of lading *held* subject to motion to make more definite and certain.

2. Limitation of actions ⬅16—Limitation in Suits in Admiralty Act not applicable to common-law action; "suits as herein authorized."

Suits in Admiralty Act March 9, 1920, § 5, limiting the time within which "suits as herein authorized" may be brought, applies only to suits in admiralty authorized by section 2, and is not applicable to an action at common law, the right to which remedy is saved to suitors by Judicial Code, § 24 (Comp. St. § 991).

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. United States ☞125—Action against Fleet Corporation not within jurisdiction of Court of Claims.**

    An action against the United States Shipping Board Emergency Fleet Corporation is not one against the United States which could be brought in the Court of Claims or under the Tucker Act (Comp. St. § 991[20]).

At Law. Action by John G. Wright & Co. against the United States Shipping Board Emergency Fleet Corporation. On motions for more specific statement and to strike out clause of answer. Both motions granted.

Theodore L. Bailey, of New York City (Frederick A. Whitney, of New York City, of counsel), for plaintiff.

William Hayward, U. S. Atty., of New York City (James A. Hatch and Ira A. Campbell, both of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. This action was brought at law in the state court and removed therefrom. It is an action brought for damage to cargo on a vessel owned by the United States Shipping Board Emergency Fleet Corporation and operated by the Oriental Navigation Company.

[1] The first motion by the plaintiff to make more definite and certain defenses set up in the thirteenth clause of the answer, which alleges that the damage was caused by one or more of seven clauses of the bill of lading exempting the carrier from liability should clearly be granted.

[2] The second action is to strike ou the fourteenth clause of the answer, which pleads that the cause of action is barred because not brought within one year after the passage of the Suits in Admiralty Act passed March 9, 1920 (41 Stat. 525). Section 5 of that act reads:

"That suits as herein authorized may be brought only on causes of action arising since April 6, 1917, provided that suits based on causes of action arising prior to the taking effect of this act shall be brought within one year after this act goes into effect; and all other suits hereunder shall be brought within two years after the cause of action arises."

As the damage is said to have been suffered September 9, 1919, and the action was not brought within a year after the passage of the Act of March 9, 1920, the cause of action is barred if it is one of the class covered by section 5, supra.

I believe it clear that "suits as herein authorized" (to use the language of section 5) refers to suits in admiralty authorized by section 2 of the act, and, it has been contended, only to suits in rem. At any rate it does not refer to actions at common law. They could not by removal from a common-law court be turned into suits in admiralty. If they are attempted suits in admiralty, no provision is made by Congress for their removal. They should remain in the state court, there to be dismissed for lack of admiralty jurisdiction. Should the state courts fail to do this a writ of error will lie to the Supreme Court. If they are actions at common law, and so removable, they do not fall within any of the provisions of the Suits in Admiralty Act.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Judge Thompson in the case of Banque Russo Asiatique-London v. United States Shipping Board Emergency Fleet Corporation (D. C.) 266 Fed. 897, held that the Suits in Admiralty Act does not even cover all suits in admiralty, but only suits in rem, and that a writ of foreign attachment in a suit in admiralty brought in personam may still be maintained against the Emergency Fleet Corporation under section 9 of the Act of September 7, 1916 (Comp. St. § 8146e), which is not repealed in all respects by the Act of March 9, 1920. I expressed the opinion in the case of Galban Lobe Co. v. United States, 285 Fed. 665, filed June 26, 1922, that under the Act of March 9, 1920, "causes of action in personam will lie against the United States arising out of its operation of merchant vessels." But whatever be the proper scope of the act, it contains no language excluding existing common-law remedies in which there is no seizure of a vessel owned or operated by the government, or by a corporation of which it owns the entire stock. Common-law remedies are in general saved under section 24 of the Judicial Code (Comp. St. § 991) and are excluded by no provision of the Suits in Admiralty Act.

[3] The argument in the brief of Mr. Ira A. Campbell, who has a most intimate knowledge of the legislation here in question, proceeds largely upon the ground that admiralty jurisdiction under the Act of March 9, 1920, must be exclusive; otherwise there might be remedies in the Court of Claims and under the Tucker Act (Comp. St. § 991 [20]) inconsistent with the Suits in Admiralty Act. This argument, I think, does not sufficiently regard the fact that the action is not against the United States, but against the Fleet Corporation, a distinct corporate entity. See Sloan Shipyards Corporation v. United States Shipping Board Emergency Fleet Corporation and the United States, 258 U. S. 549, 42 Sup. Ct. 386, 66 L. Ed. ——, decided by the Supreme Court May 1, 1922. Because of this I cannot see how the Court of Claims or the Tucker Act could be invoked. I do not think the mere fact that a remedy in admiralty might have been invoked here, either in personam or in rem, deprives the suitor of his common-law remedy, saved under section 24 of the Judicial Code, supra.

Clause 14 of the answer should be stricken out, as it involves a statute of limitation not applicable to the case at bar. See my unreported opinion in Texas Co. v. M. Moran, filed June 26, 1922.