## KNUTSON et al. v. CAMPBELL RIVER MILLS, Limited.

(District Court, W. D. Washington, N. D.   July 10, 1924.)

No. 187.

**I. Corporations ⬙668(4)—Courts ⬙274—Process against foreign corporation may be served on officers specified.**

Service of process against foreign corporation doing business in state may be made on president, cashier, secretary, or agent, under Rem. Comp. Stat. Wash. § 226, and suit may be commenced in any district in which valid service can be made and in which business is transacted.

**2. Corporations ⬙52—Residence of officer does not give corporation domiciliary status.**

Residence of an officer in his individual relation of itself does not give corporation domiciliary status.

**3. Courts ⬙274—"Doing business," which will bring alien corporation within jurisdiction of local courts.**

"Doing business," to bring an alien within jurisdiction of local courts, does not mean that corporation must maintain such relation to "doing business" as to bring it within statute requiring license, though enough business must be done to enable court to say that corporation is present.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

**4. Courts ⬙274—Corporation, injuring pedestrian in district, subject to jurisdiction of court, in action for damages, though corporation engaged in interstate commerce.**

It appearing that corporation transacted substantial part of its regular business in district, it could not be said that court of district is without jurisdiction of action for injuries to pedestrian run down by corporation's motor truck, notwithstanding it carried on interstate business.

At Law.   Action by Harold Knutson and another against the Campbell River Mills, Limited.   On motion to quash service of process.   Motion denied.

The plaintiffs allege, in substance, that the defendant operated its motor truck through and over the streets of the city of Blaine in such a reckless and careless manner and high rate of speed, in violation of the laws of the state and the ordinances of the city, that it ran into, upon, and over Martha Knutson, to her great bodily injury, as a consequence of which she suffered pain, anguish, and permanent injuries.   Process was served on the defendant company by service made upon H. W. Hunter, its president, residing in the city of Blaine.   The defendant, by special appearance, moves to quash the service on the ground that the defendant is a corporation under the laws of the province of British Columbia; that it has no place of business in the state of Washington, and is not doing business and has not done business in the state of Washington; that the residence of H. W. Hunter, its president, in the city of Blaine, is in his capacity as an individual, and not as an officer of the defendant, and not for the purpose of transacting business for the defendant, or in any way exercising power as an officer of the defendant; that the greater portion of his time is spent in British Columbia at the properties of the defendant.   It appears from the record that the defendant's mill is located approximately two miles north of Blaine and the boundary line in the province of British Columbia; that the defendant, during its corporate existence, has sold of its products to residents of the state of Washington, shipping part of its lumber to local dealers in various parts of the

⬙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

state where the lumber is then distributed through the local citizens; that the defendant has also, during the past six years, habitually dealt directly with private consumers of its products in and around the city of Blaine and delivered its products to such purchasers in its own automobile trucks to the homes of such persons, and that the defendant's truck, on returning from the delivery of a load of such lumber in the city of Blaine, inflicted the injuries complained of; that the person driving said automobile and delivering said lumber collected the charges for such lumber from the party to whom delivery was made; that the defendant for more than a year prior to the injury had maintained a dock at Blaine used in connection with scows owned by the defendant to transport its lumber from the mill in British Columbia to vessels in the waters of the state of Washington; that the president of said defendant company is the duly elected, qualified, and acting mayor of the city of Blaine; and that the defendant maintains a bank account in the city of Bellingham, Wash.

James McCabe and Donworth, Todd & Higgins, all of Seattle, Wash., for plaintiffs.

Hadley & Abbott, of Bellingham, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). [1] Process against a foreign corporation doing business in the state may be made upon the President, cashier, secretary, or agent (Rem. C. S. § 226), and suit may be commenced in any district in which valid service can be made (Tierney v. Helvetia Ins. Co. [C. C.] 163 Fed. 82) and in which business is transacted (1 Foster's Fed. Prac. 156; Peterson v. C., R. I. & P. Ry. Co., 205 U. S. 364, 27 Sup. Ct. 513, 51 L. Ed. 841).

[2, 3] Residence of an officer in his individual relation of itself does not give a corporation domiciliary status. Ostrander v. Deerfield Lbr. Co. (D. C.) 206 Fed. 540. "Doing business," to bring an alien corporation within the jurisdiction of the local courts, does not mean that the corporation must maintain such a relation to "doing business" in the state as to bring it within the statutory provision requiring a license for such operation. Kendall v. Orange Judd Co., 118 Minn. 1, 136 N. W. 291; Vicksburg v. De Bow, 148 Ga. 738, 98 S. E. 381. There is no precise test of the nature or extent of the business that must be done. Enough business must be done to enable the court to say that the corporation is present. St. L. S. W. Ry. Co. of Texas v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1917B, 77.

[4] It appears that a substantial part of the defendant's regular business was transacted in this jurisdiction, and the tort complained of being committed by the agent of the defendant in carrying forward its business in this jurisdiction, it would be "intolerable injustice" to say that the defendant is not suable here. The fact that the business may be interstate in character does not render it immune. International Harvester Co. v. Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. Ed. 1479. Fair play and orderly administration of justice require that the defendant answer to the courts of this jurisdiction for the injury complained of. Judge Acheson, in Gray v. Taper-Sleeve Pulley Works (C. C.) 16 Fed. 436, said:

" * * * Now, for a tort committed by a foreign corporation within this state, I have no manner of doubt the corporation may be sued here, if found

within the state in the person of an officer or agent upon whom process may be served. * * *"

The service upon H. W. Hunter, the president, is sufficient. Penn. L. M. F. I. Co. v. Meyer, 197 U. S. 407, 25 Sup. Ct. 483, 49 L. Ed. 810. The motion to quash is denied.