### WALLACE v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, W. D. Washington, N. D. April 21, 1925.)

No. 9093.

1. **United States ⊂⊃52½, New, vol. 19A Key-No. Series — Emergency Fleet Corporation subject to suit in district in which doing business.**

The Emergency Fleet Corporation is subject to action at law for injuries to employee engaged in repairs to vessel in the district where it maintained office and place of business in which it transacted business within purview of state laws.

2. **United States ⊂⊃52½, New, vol. 19A Key-No. Series—Service of process on district director of Fleet Corporation held sufficient.**

In view of Rem. & Bal. Code Wash. § 226, subds. 8, 9, service of process in tort action on district director of United States Shipping Board Emergency Fleet Corporation, in charge of its business within district, was sufficient; defendant being a corporate entity doing business in state and having directed particular work in which plaintiff was injured.

**3. United States ☞52½, New, vol. 19A Key-No. Series—Emergency Fleet Corporation not exempt from suit because of government ownership of stock.**

Ownership by United States of stock in Emergency Fleet Corporation is immaterial on question of corporation's liability for torts, the government's exemption from suit not extending to it.

**4. United States ☞125—Libel in personam not exclusive remedy against Emergency Fleet Corporation, but action at law will lie for torts.**

The remedy provided by Suits in Admiralty Act, Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l, for claims against government owned vessels by libel in personam in admiralty, is not exclusive, and plaintiff having cause of action for tort against Emergency Fleet Corporation may proceed by action at law or by libel under the act; such congressional intent being manifest when considered with relation to Tucker Act March 3, 1887, Lever Act, § 25 (Comp. St. § 3115⅛q), and Judicial Code, §§ 24, 146 (Comp. St. §§ 991, 1136).

At Law. Action by William Wallace against the United States Shipping Board Emergency Fleet Corporation. On motion to quash service. Motion denied.

John S. Jurey, of Seattle, Wash., for plaintiff.

Bronson, Robinson & Jones, of Seattle, Wash., for defendant.

NETERER, District Judge. This is a common-law action seeking to recover damages from the defendant for personal injuries sustained while employed on board a ship, while being repaired under authorization and contract of the defendant; it being alleged that defendant was operating such vessel as a merchant vessel. The defendant, appearing specially, moves to quash the service, alleging that the defendant is a corporation organized under the laws of the District of Columbia, that at the time of the accrual of the action the defendant was not doing business in King county or the state of Washington, and that the person upon whom service was attempted to be made was not such as authorized under the laws of the state, that the Congress, by the Suits in Admiralty Act, 41 Stat. 525 (Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l), provided an exclusive remedy in admiralty for adjudication of claims such as in issue here.

While I believe the dissenting opinion in the Sloan Shipyards v. U. S. Shipping Board, etc., Case, 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762, states the real purpose and intent of the Congress, the majority opinion is the law fixing the corporate entity of the defendant. Sloan Shipyards v. Shipping Board, 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762; Shipping Board v. Sullivan, 261 U. S. 146, 43 S. Ct. 292, 67 L. Ed. 577; U. S. v. Matthews (C. C. A.) 282 F. 266; Providence v. Downey (C. C. A.) 294 F. 641; Puget Sound Mch. Depot v. Shipping Board (D. C.) 293 F. 768; Mfg., etc., v. Shipping Board (C. C. A.) 284 F. 231; Gould v. U. S. Shipping Board (D. C.) 261 F. 716; Lord v. Shipping Board (D. C.) 265 F. 955; Perna v. Shipping Board (D. C.) 266 F. 896; Pope v. Shipping Board (D. C.) 269 F. 319; American, etc., v. Shipping Board (D. C.) 270 F. 296; Eichberg v. Shipping Board, 51 App. D. C. 44, 273 F. 886; Buffalo v. Shipping Board, etc. (C. C. A.) 291 F. 23; Traylor v. Shipping Board (D. C.) 277 F. 248; Ingersoll v. Shipping Board, 195 App. Div. 838, 187 N. Y. S. 695; U. S. v. Puget Sound Mch. Depot (D. C.) 298 F. 353. The defendant operating a merchant vessel and charged with a tort, is within the rule announced in the Sloan Case.

[1] The record, I think, is conclusive that the defendant did authorize the repairs upon the ship upon which plaintiff was employed, did have charge thereof, was maintaining an office and place of business in which business of defendant was transacted, and within the purview and provisions of the law within this state. Puget Sound Mch. Depot v. Shipping Board (D. C.) 293 F. 768; Kirby v. Louismann (D. C.) 221 F. 267; Smolik v. Philadelphia, etc. (D. C.) 222 F. 148; Michigan v. Alumnus, 190 F. 879; Dungan v. Bally (D. C.) 271 F. 517; Lee v. Fidelity, etc., 51 Wash. 208, 98 P. 658; Strandall v. Alaska, etc., 73 Wash. 67, 131 P. 211; Hayworth v. McDonald, 67 Wash. 496, 121 P. 984; Grams v. Idaho, 105 Wash. 602, 178 P. 815; Smith v. Dickinson, 81 Wash. 465, 142 P. 1133; Pacific v. International, 125 Wash. 273, 216 P. 358, 32 A. L. R. 767; sections 202 and 226, Remington's Code of Washington; 9 Fletcher on Corporations, § 5939, p. 10020.

[2] The defendant being a corporate entity and doing business in the state, and having directed the doing of the particular work on which the plaintiff was injured, the service upon the district director in charge of the defendant in this district was sufficient. Subdivisions 8 and 9 of section 226, Rem. & Bal. Code of Wash. See Knutson v. Campbell Mills (D. C.) 300 F. 241.

Under the Sloan Case, the Suits in Admiralty Act invoked by the defendant has no application.

"An act authorizing suits against the United States in admiralty, suits for salvage services, and providing for the release of merchant vessels belonging to the United States from arrest and attachment in foreign jurisdictions, and for other purposes." Act March 9, 1920, Secs. 1251¼–1251¼l, Comp. St. 1923.

[3, 4] It is immaterial whether the United States owns any or all of the stock in the corporation, under all of the authorities. It waives its sovereignty when it enters into a commercial enterprise, and the corporate entity is amenable in the civil courts for its acts. The contention is not persuasive that the Congress could not have intended to extend the jurisdiction of the district court over the defendant, when thought of with relation to the Tucker Act March 3, 1887, c. 359 (24 Stat. 505), and the Lever Act August 10, 1917, 40 Stat. 276, § 25 (Comp. St. § 3115⅛q); the pertinent language of each respectively being: "All claims * * * founded upon * * * any law of Congress" or "upon any regulation of an executive department," or "upon any contract, expressed or implied, with the government of the United States," and all claims which may be referred to it by either house of the Congress. Court of Claims Act (Comp. St. § 1136). "* * * In respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or Admiralty if the United States were suable." Tucker Act. "* * * And shall be entitled to sue the United States to recover such further sum as, added to said seventy-five per centum, will make up such amount as will be just compensation in the manner provided by section twenty-four, paragraph twenty, and section one hundred and forty five of the Judicial Code." Section 25, Lever Act. Sections 24 and 145, Judicial Code (Comp. St. §§ 991, 1136), incorporate, respectively, the provisions of the Tucker Act and the Court of Claims Act. Nor can any confusion which may be created by the several acts, if the Suits in Admiralty Act is not held exclusive, be controlling. This is a matter for legislation for the Congress, and not for the courts.

The defendant is a corporate entity engaged in commerce—see U. S. v. Clallam County (D. C.) 283 F. 645, affirmed 263 U. S. 341, 44 S. Ct. 121, 68 L. Ed. 328—and is answerable for its torts in the District Court, jurisdictional facts being present, irrespective of the stock ownership of the United States. Sloan Case, supra. In Re Eastern Shore Shipbuilding Corporation (C. C. A.) 274 F. 893.

"But surely the fact that the Fleet Corporation was employed as an agency of the President does not of itself clothe the agency so employed with the immunities of his office." In Re Eastern Shore Shipbldg. Corp. supra, at page 902.

The purpose of the Suits in Admiralty Act appears in section 1251¼, C. S. 1923, which provides: "That no vessel owned by the United States or by any corporation in which the United States or its representatives shall own the entire outstanding capital stock or in the possession of the United States or of such corporation or operated by or for the United States or such corporation * * * shall hereafter, in view of the provisions herein made for a libel in personam be subject to arrest. * * *" The sole purpose being to prohibit seizure and to substitute a proceeding in personam in lieu of the proceeding in rem, other requirements being present as provided in the act.

The plaintiff, being injured, had a remedy against the defendant, a corporate entity for any default which proximately resulted in his injury. He can invoke the common-law remedy or proceed under the Suits in Admiralty Act. Judge Hand, in John G. Wright v. Shipping Board (D. C.) 285 F. 647, so held. See, also, Rosenberg v. Shipping Board (D. C.) 295 F. 372; Banque v. Shipping Board (D. C.) 266 F. 897; Shipping Board v. Banque, 286 F. 918; Sloan Case, supra.

Motion to quash denied.