MARSHALL HALL GRAIN CO. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

FRISCO ELEVATORS CO. v. SAME.

(District Court, D. Massachusetts. July 9, 1926.)

Nos. 3367, 3378.

1. Shipping ⊜⇒132(2).

Libel for loss of cargo *held* to allege facts with sufficient fullness and particularity.

2. Shipping ⊜⇒132(2).

Suit by shipper for loss of cargo is not subject to exception, because libel does not set out bill of lading.

3. United States ⊜⇒52½, New, vol. 19A Key-No. Series.

Liability incurred by the Emergency Fleet Corporation under contract of carriage may be enforced by suit in personam, and right to sue is not affected by Act June 5, 1920, § 4, transferring its property to the Shipping Board (Comp. St. Ann. Supp. 1923, § 8146¼aa).

4. Admiralty ⊜⇒34—Suit in personam against Emergency Fleet Corporation held not barred by limitation (Suits in Admiralty Act, §§ 2, 5 [Comp. St. Ann. Supp. 1923, §§ 1251¼a, 1251¼d]).

Suits in Admiralty Act (Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l) is not exclusive, and the limitations in section 5 do not apply to a suit in personam against the Emergency Fleet Corporation, not brought under section 2 of the act.

In Admiralty. Suits by the Marshall Hall Grain Company and by the Frisco Elevators Company against United States Shipping Board Emergency Fleet Corporation. On exceptions to libels. Overruled.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for libelants.

Harold P. Williams, U. S. Atty., and Geo. R. Farnum, Asst. U. S. Atty., both of Boston, Mass., for respondent.

BREWSTER, District Judge. The above suits in admiralty are upon libels in personam in a cause of breach of contract, civil and maritime. The libelants allege that the United States Shipping Board Emergency Fleet Corporation is operating a number of steam vessels engaged as common carriers of car-

goes on the high seas, and was operating the steamship City of Brunswick, a ship engaged in the common carriage of merchandise for hire between the port of New Orleans and the port of Antwerp, Belgium; that the libelants shipped and placed on board the City of Brunswick at New Orleans certain quantities of wheat, in good order and condition, to be carried to Antwerp and delivered to the order of the shippers, in consideration of freight paid by the shippers, and "in accordance with the terms of a certain bill of lading then and there signed and delivered to the shipper by the duly authorized agent of the said vessel and of the respondent"; that thereafter, while operated by the respondent, and having said wheat on board, the said City of Brunswick sailed from New Orleans, but failed to make delivery of the merchandise at Antwerp, or at any other place, and that the merchandise has been totally destroyed while in the custody and control of the respondent. These allegations appear in the libels in both cases.

The respondent excepts to the libels on several grounds, which will be taken up in order.

[1] The first exception is that the libels fail to allege with reasonable fullness and requisite particularity any facts entitling the libelant to any relief in the cause. It must be quite apparent from the above summary of the allegations that, if the libelants' proofs come up to their allegations, it would be impossible to rule, as a matter of law, that each had not made out a prima facie case of liability, entitling it to relief in the admiralty court.

[2] The second exception is that the contracts of carriage are evidenced by bills of lading, which are not made a part of the libels, nor their terms and conditions named and stated. My attention has not been directed to any authority, supporting any rule giving to the respondent a right to have the bill of lading incorporated, either in full or in substance, into the libel, that would warrant the court in putting the libelant out of court for failure to thus incorporate the document. See Florida G. & E. Co. v. United States Shipping Board Emergency Fleet Corporation (D. C.) 300 F. 169, for a recent case very similar to the ones at bar, where it does not appear from the published records that the bill of lading was set out in full in the libel, or that its terms were stated with any more particularity than is found in the libels here under consideration.

[3] The third exception is that the libel "does not plead facts which establish that the City of Brunswick was being operated by the United States Shipping Board Emergency Fleet Corporation in its capacity as principal, and not as a government agency." In view of the line of decisions, beginning with The Lake Monroe, 250 U. S. 246, 39 S. Ct. 460, 63 L. Ed. 962, and followed by United States v. Strang et al., 254 U. S. 491, 41 S. Ct. 165, 65 L. Ed. 368, and Sloan Shipyards Corporation v. United States Shipping Board Emergency Fleet Corporation, 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762, it is clear that proceedings may be brought in this court to recover for the wrongful act of the Fleet Corporation, whether such wrong is grounded in tort or consists of a failure to observe some contractual obligation; that the immunity granted to the United States against such suits does not extend to the corporation, which must answer for its acts the same as the individual; and that the Fleet Corporation is a distinct, corporate entity, capable of suing and being sued the same as any other corporation. It is against this corporation and not the United States that the suits are brought. Wright & Co. v. United States Shipping Board Emergency Fleet Corporation (D. C.) 285 F. 647; Sloan Shipyards Corporation v. United States Shipping Board Emergency Fleet Corporation, supra.

In these suits each libelant, as shipper, has alleged that the respondent, as common carrier on the seas, has entered into a maritime contract from which certain liabilities have arisen. The allegation is that the contract was made with the Fleet Corporation. The libelants have invoked the jurisdiction of this court to enforce rights, if any they have, against the corporation. This they may do by libels in personam. Banque-Russo Asiatique-London v. United States Shipping Board Emergency Fleet Corporation et al. (D. C.) 266 F. 897. On the face of the pleadings, as they now stand, I cannot hold, as a matter of law, that the libelants cannot establish claims for damages. United States Shipping Board Emergency Fleet Corporation v. Texas Star Flour Mills (C. C. A.) 12 F.(2d) 9. Whatever of legal significance flows from the fact, if it is a fact, that the United States, or its agent, the United States Shipping Board, was a party to the contract, is a matter of defense, and not a proper ground for exceptions.

The respondent stresses the fact that Congress has transferred the property of the Fleet Corporation to the Shipping Board by the Act of June 5, 1920, c. 250, § 4, 41 Stat.

988 (Comp. St. Ann. Supp. 1923, § 8146¼aa); but again the Sloan Case may be resorted to for a complete answer to the suggestion, where we find Mr. Justice Holmes observing that this fact may affect the value of the remedy afforded by the suit, but not the jurisdiction of the court.

The libelants have adequately alleged that the vessel was employed solely as a merchant vessel, which rendered it subject to all liabilities governing vessels, notwithstanding that the United States was the owner. Act Sept. 7, 1916, c. 451, § 9, 39 Stat. 730, as amended by Act July 15, 1918, c. 152, § 3, 40 Stat. 900 (Comp. St. Ann. Supp. 1919, § 8146e).

[4] The fourth and fifth exceptions to the libels assert the applicability of the Suits in Admiralty Act of March 9, 1920, 41 Stat. 525, c. 95 (Comp. St. Ann. Supp. 1923, § 1251¼ et seq.), and, as a consequence, that the proceedings are barred by the limitations of section 5 of that act, and that the remedies therein provided are exclusive. Respecting these exceptions, it has been held in other jurisdictions, and I think it should be held in this court, that the Suits in Admiralty Act is not exclusive, and the limitations of section 5 do not apply to a libel in personam, not brought under section 2 of the act. Wallace v. United States Shipping Board Emergency Fleet Corporation (D. C.) 5 F.(2d) 234; Banque-Russo Asiatique-London v. United States Shipping Board Emergency Fleet Corporation et al. (D. C.) 266 F. 897.

The sixth exception is to the effect that, by the provisions of the Suits in Admiralty Act of March 9, 1920, the Fleet Corporation, in the operation of government-owned merchant vessels, is declared a government agency. This exception is disposed of by what has been stated with reference to the third exception.

From the foregoing, it follows that none of the respondent's exceptions to the libels can be sustained. I will add, however, that in my opinion the request of the respondent that the libels include the bills of lading is not an unreasonable request. The excuse offered for the libelants' refusal is that, if they were made a part of the libels, further exceptions would be filed, which would protract litigation. I am not much impressed with this excuse. However, I have to deal with the rights of the parties, and unless and until I can find that the exceptions are well founded in law, I cannot grant them, in order to fulfill what I may deem a proper desire of the respondent. I cannot so find.

The exceptions to the libels are overruled.