Littleton, Judge,
delivered the opinion:
The question presented in this case is whether the plaintiff is entitled to his pay as a retired brigadier general of the United States Army during the time he was employed by the United States Shipping Board Emergency Fleet Corporation as trustee and president, and vice president and general manager, when he was receiving compensation from the Emergency Fleet Corporation.
The finance officer of the Army declined to pay the plaintiff his retired pay on the ground that such pay was prohibited by section 2 of the act of July 31, 1894, 28 Stat. 205, which provides that “No person who holds an office the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars shall be appointed to or hold any other office to which compensation is attached unless specially * * * authorized thereto by law; * * Plaintiff insists that the provisions of this section are directed only against offices of the United States and that as president of the Emergency Fleet Corporation he was not holding an office of the United States within the meaning of the act. On the other hand, the defendant, relying upon Emergency Fleet Corporation v. *425 Western Union Telegraph, Co., 275 U. S. 415, in which, it was held that the Fleet Corporation is a department of the United States within the meaning of the post roads act, insists that plaintiff is not entitled to judgment for his pay as a retired brigadier general during the time he was employed by the Emergency Fleet Corporation. Plaintiff’s compensation as trustee and president, and later as vice president and general manager, of the Emergency Fleet Corporation was fixed at $18,000 per annum and such amount was paid to him during the period involved in this suit.
There is no reason for assuming that the “ office ” referred to in the act of July 31, 1894, extends beyond the usual legal meaning of the word, United States v. Hartwell, 6 Wall. 385; Donovan v. United States, 21 C. Cls. 120; nor that it includes all kinds of employment. The “ office ” must be an office of the United States, a public station or employment established or authorized by Congress and conferred by appointment of the Government. The prohibition of dual office holding is directed at offices of the United States. Dual employment is controlled by other statutes operating directly on salaries. U. S. Code, section 58, Title 5, 44 Stat. 31, provides that “Unless otherwise specifically authorized by law, no money appropriated by any act shall be available for payment to any person receiving more than one salary when the combined amount of said salaries exceeds the sum of $2,000 per annum. (R. S., sec. 1763; May 10, 1916, c. 117, sec. 6, 39 Stat. 120; Aug. 29, 1916, c. 417, 39 Stat. 582.)” But section 59 of the Code provides that the above-mentioned section is not applicable to retired officers or enlisted men of the Army, Navy, Marine Corps, etc.
The Emergency Fleet Corporation was formed by the Shipping Board under authority conferred by the original Shipping Board act of September 7, 1916, 39 Stat. 728, U. S. Code, section 810, Title 46. It was organized April 16, 1917, under the general laws of the District of Columbia, as a private corporation with power to purchase, construct, and operate merchant vessels. The corporation is an entity distinct from the United States and from any of its departments and boards; the purpose was *426 to enable this business of national importance to be transacted for, but not by, the Government, as such a business would be conducted by a person or private corporation having full power and the utmost freedom of action unhampered by the numerous restrictions relating to the conduct of Government business. The corporation, although the United States owned its stock, had the power and liberty of action of other corporations, including the power to employ and discharge at will all operating officials and employees. No limitation has ever been placed upon the number of employees of the Fleet Corporation or the salary or compensation thereof except, beginning with the appropriation act for 1923, 42 Stat. 648, and repeated with slight modifications in the subsequent appropriation acts, it was provided that “No officer or employee of the United States Shipping Board or the United States Shipping Board Emergency Fleet Corporation shall be paid a salary or compensation at a rate per annum in excess of $10,000 except the following: One at not to exceed $25,000 and seven not to exceed $18,000 each.”
The courts have held that the United States Shipping Board Emergency Fleet Corporation is a private corporation and not a part of the Government. United States v. Strang, 254 U. S. 491, 65 L. ed. 368; Sloan Shipyards Corp. v. United States Shipping Board Emergency Fleet Corporation., 258 U. S. 549, 66 L. ed. 762; Astoria Marine Iron Works v. U. S. Shipping Board Emergency Fleet Corp., 258 U. S. 549, 66 L. ed. 762; U. S. ex rel. Skinner & Eddy Corp. v. McCarl, 275 U. S. 1, 72 L. ed. 133; Commonwealth Finance Corp. v. Landis, 261 Fed. 440; Gould Coupler Co. v. U. S. Shipping Board Emergency Fleet Corp., 261 Fed. 716; Eichberg v. U. S. Shipping Board Emergency Fleet Corp., 273 Fed. 886; Traylor Engineering & Mfg. Co. v. U. S. Shipping Board Emergency Fleet Corp., 277 Fed. 248; United States v. Matthews, 282 Fed. 266; Buffalo Union Furnace Co. v. U. S. Shipping Board Emergency Fleet Corp., 291 Fed. 23; Shooters Island Shipyard Co. v. Standard Shipbuilding Corp., 293 Fed. 706; Puget Sound Machinery Depot v. U. S. Shipping Board Emergency Fleet Corp., 293 Fed. 768; Providence Engineering Corp. v. *427 Downey Shipbuilding Corp., 294 Fed. 641; Manufacturers’ Land & Improvement Co. v. U. S. Shipping Board Emergency Fleet Corp., 284 Fed. 231, 264 U. S. 250; Anderson v. United States Fidelity & Guaranty Co., 8 Fed. (2d) 428; U. S. Shipping Board Emergency Fleet Corp. v. Texas Star Flour Mills, 12 Fed. (2d) 9; Fidelity Trust Co. of New York v. U. S. Shipping Board Emergency Fleet Corp., 15 Fed. (2d) 600; U. S. Shipping Board Emergency Fleet Corp. v. Greenwald, 16 Fed. (2d) 948; U. S. Shipping Board Emergency Fleet Corp. v. Tabas, 22 Fed. (2d) 398.
In United States Shipping Board Emergency Fleet Corporation v. Western Union Telegraph Co., supra, the court held that for the purpose of reduced rates on telegrams the Emergency Fleet Corporation was a department of the United States within the meaning of the post roads act of July 24, 1866, c. 230, 14 Stat. 221; R. S., sec. 5263-5266, but, in our opinion, that case does not go to the extent of holding that persons employed by the Emergency Fleet Corporation thereby become officers or employees of the United States within the meaning of the act of July 31, 1894, nor do we think that the holding of the court in the Western Union Telegraph Company case is inconsistent with United States v. Strang, supra, in which the court held that an employee holding the position of an inspector of the Emergency Fleet Corporation was not an officer or agent of the United States within the meaning of section 41, Criminal Code, making it an offense for an officer or agent of any corporation, joint-stock company, or association, or agent of any firm, or person directly or indirectly interested in the pecuniary profits or contracts of such corporation, joint-stock company, association, or firm, to act as an officer or agent of the United States for the transaction of business with such corporation, joint-stock company, association, or firm. In the Strang case the court said: “ The corporation was controlled and managed by its own officers and appointed its own servants and agents who became directly responsible to it. Notwithstanding all its stock was owned by the United States, it must be regarded as a separate entity. Its inspectors were not appointed by the President, nor by any officer designated by Congress; they were sub *428 ject to removal by the corporation only and could contract only for it. In such circumstances we think they were not agents of the United States within the true intendment of section 41.”
The acts of the Emergency Fleet Corporation are not subject to supervision, control, or audit by the Comptroller General of the United States.
We are of opinion that plaintiff’s employment by the United States Shipping Board Emergency Fleet Corporation was not an office of the United States within the true intendment of section 2 of the act of July 31, 1894. In United States v. Mouat, 124 U. S. 303, 307, the court said:
“ What is necessary to constitute a person an officer of the United States, in any of the various branches of its service, has been very fully considered by this court in United States v. Germaine, 99 U. S. 508. In that case it was distinctly pointed out that under the Constitution of the United States all its officers were appointed by the President, by and with the consent of the Senate, or by a court of law, or the head of a department; and the heads of the departments were defined in that opinion to be what are now called the members of the Cabinet. Unless a person in the service of the Government, therefore, holds his place by virtue of an appointment by the President, or of one of the courts of justice or heads of departments authorized by law to ¿make such an appointment, he is not, strictly speaking, an officer of the United States.”
Plaintiff is entitled to recover and judgment in his favor for $11,900 will be entered. It is so ordered.
Whaley, Judge;' Williams, Judge; and Booth, Chief Justice, concur.