**BOWLES, Price Administrator, v. WEST.**

**SAME v. KELLY et al.**

**SAME v. DUTY.**

Civil Actions Nos. 1574, 1582, 1607.

District Court, W. D. Louisiana, Monroe Division.

Jan. 5, 1946.

T. Kinnebrew, of Shreveport, La., G. H. Holloway, of Farmerville, La., and W. P. Miller, H. S. Dunlop, and Malcolm E. Lafargue, U. S. Attorney, all of Shreveport, La., for plaintiff.

E. K. Theus, of Monroe, La., for defendants West and Kelly.

M. C. Redmond, of Monroe, La., for defendant Duty.

DAWKINS, District Judge.

In the three cases above the Administrator of the Office of Price Administration sued the defendants for three times the amount alleged to have been charged various purchasers of motor vehicles "for use or consumption in trade or business." under section 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(e).

Defendants have moved to dismiss the complaint on the ground that the Administrator had no right to sue in his own name but should have brought the action in the name of the United States; that the bill fails to allege that the buyers had not brought the action and that the Administrator could sue only in event the consumers had failed to do so within thirty days.

Section 205(e) provides:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the Court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, *and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator* may institute such action on behalf of the United States within such one-year period. If such action is institut-ed by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. * * *" (Italics are the writer's.)

It would seem that the first contention is answered by the wording of the statute itself, wherein it is said that, if the "buyer * * * fails to institute an action * * * or is not entitled for any reason to bring the action, the *Administrator may institute such action on behalf of the United States * * *".* (Emphasis by the writer.)

Section 205(a) also provides:

"Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, *and upon a showing by the Administrator* that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted *without bond*."

If it had been intended that such proceedings should be brought only in the name of the United States it appears that the law would have authorized the application in *its* name instead of providing that he (the Administrator) "may make application to the appropriate court * * *."

█ A reading of this statute as a whole discloses that the purpose of Congress was to create an entity known as the Office of Price Administration and to place it under an administrator, who should exercise all its powers and authority, including the adoption of regulations, similar to other government agencies, which have been held entitled to sue and defend suits in their own names. Jamestown Veneer & P. Corp. v. National Labor Relations Board, D.C.N.Y., 13 F.Supp. 405; U. S. v. Matthews, 9 Cir., 282 F. 266. In the second of these cases suit was in the name of the Emergency Fleet Corporation. The court quoted from the decision of the Supreme Court in the consolidated cases of Sloan Shipyards Corp. v. U. S. Fleet Corporation, 258 U.S. 549, 42 S.Ct. 386, 388, 66 L.Ed. 762, as follows:

"Supposing the powers of the Fleet Corporation to have been given to a single man we doubt if any one would contend

that the acts of Congress and the delegations of authority from the President left him any less liable than other grantees of the power of eminent domain to be called upon to defend himself in court. An instrumentality of Government he might be and for the greatest ends, but the agent, because he is agent, does not cease to be answerable for his acts. Osborn v. Bank of United States, 9 Wheat. 738, 842, 843, 6 L.Ed. 204; United States v. Lee, 106 U.S. 196, 213, 221, 1 S.Ct. 240, 27 L.Ed. 171. The opposite notion left some traces in the law (1 Roll.Abr. 95, Action sur Case, T.), but for the most part long has disappeared.

"If what we have said is correct it cannot matter that the agent is a corporation rather than a single man. The meaning of incorporation is that you have a person, and as a person one that presumably is subject to the general rules of law."

See also Massachusetts Farmers Defense Committee v. U. S., D.C.Mass., 26 F.Supp. 941.

██ The expression that the "Administrator may institute such action on behalf of the United States," means, I think, that while he is empowered to sue for penalties, the recovery is for the benefit of the government. It is in the nature of a mandate by Congress, authorizing the Administrator to sue, which, in effect is the same as if a private individual had by power of attorney directed an agent to sue in his own name on a cause of action belonging to the former. In the latter case, plaintiff would, of course, have to disclose the name of his principal and the basis of his authority to sue; in the present case, the statute creates the authority and discloses the name of the beneficiary, to-wit, the United States. The court may take cognizance of these provisions without the necessity of alleging them.

██ As to the second point, the right of action is given first in certain instances to the victim for a period of thirty days, and then to the Administrator; but if the purchase is for use or consumption "in the course of trade or business" the Administrator alone has the right to sue. See quotation from Act above; also Bowles v. Rogers, 7 Cir., 149 F.2d 1010. The petitions allege that the sales were "made for use or consumption in the course of a trade or business".

It is contended here that the purchases were by farmers or consumers and this does not seem to be denied in either the oral or written argument. However, there is no stipulation of facts or other record to dispute the allegations that the sales were "made for use or consumption in the course of trade or business." Defendants have cited the case of Bowles v. Madl, D.C.Kan., 60 F.Supp. 152, holding that farming is not a trade or business. While I have great respect for the decisions of Judge Vaught, author of that opinion, in the consolidated cases of Bowles, Administrator, v. Rogers and other defendants, supra, the exact opposite conclusion was reached by the Court of Appeals for the Seventh Circuit. It was there held that farming is a trade or business and that tractors sold for use in farming were not such commodities as food, clothing, etc., which fall within the phrase "for use or consumption other than in the course of trade and business". Hence, it was decided that the farmers were not entitled to maintain the action and it had to be brought by the Administrator. In the present case the vehicles involved were trucks that are ordinarily used in the pursuit of some trade or business just as are tractors.

██ I feel constrained to follow the decision of the Court of Appeals for the Seventh Circuit and the motions to dismiss will be denied.

Proper decree should be presented.